**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Efren HERRERA–SOTO, Defendant–
Appellant.**

No. 92–1280.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 26, 1992.

Decided April 8, 1992.

Barry R. Elden, Asst. U.S. Atty., Office of U.S. Atty., Crim. Receiving, Appellate Div., Chicago, Ill., for plaintiff-appellee.

Paul Bradley, Chicago, Ill., for defendant-appellant.

Before CUMMINGS, CUDAHY, and FLAUM, Circuit Judges.

PER CURIAM.

Appellant Efren Herrera–Soto appeals from an order, entered by the district court on February 10, 1992, imposing mandatory detention pending appeal of his criminal conviction. The district court, however, stayed the execution of the detention order pending this court's resolution of the appellant's challenge to the order.

Herrera–Soto was convicted by a jury on August 7, 1991 of conspiring to distribute cocaine, in violation of 21 U.S.C. § 846 (1990), and using telephones to facilitate drug distribution, in violation of 21 U.S.C. § 843(b) (1990). The district court sentenced Herrera–Soto to 63 months in prison. After his sentencing, Herrera–Soto moved for release on bail pending appeal pursuant to the Bail Reform Act, 18 U.S.C. §§ 3143(b) and 3145(c) (1991). As a defendant convicted of a drug offense, in order to qualify for release, Herrera–Soto had to meet several threshold conditions, as well as show "exceptional reasons" why detention pending appeal was inappropriate. The district court concluded that the Bail Reform Act mandated Herrera–Soto's detention pending appeal. See 18 U.S.C. § 3142(f)(1)(C) (1991). At the same time, it found that Herrera–Soto met the necessary criteria and proved "exceptional reasons" making detention pending appeal inappropriate. Therefore, the district court stayed the execution of the detention order pending disposition of the appeal of the detention order. Herrera–Soto filed a notice of appeal to this court and submitted a motion requesting release pending the disposition of his appeal. We affirm the order of detention.

The Bail Reform Act, as amended, provides standards under which judicial officers determine whether a recently convicted person should be detained pending appeal. The Act mandates detention for persons convicted of crimes of violence, crimes with a life sentence and drug crimes with a maximum sentence of ten years or more. See 18 U.S.C. §§ 3142(f)(1)(A), (B) and (C) and 3143(b)(2) (1990). The Act also includes an exception that allows for release pending appeal for those persons subject to mandatory detention who first meet the conditions for release required of any convicted person, See 18 U.S.C. § 3143(b)(1) (1990), and then show that, "there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c) (1990) (emphasis added). Therefore, a judge must find that a defendant does not pose a risk of flight or a danger to the community and raises a substantial question of law or fact, not presented simply to delay incarceration, for determination on appeal before considering whether "exceptional reasons" exist making detention inappropriate.

In this case, the district court found that Herrera–Soto was not a risk of flight or a danger to the community and had raised a substantial issue on appeal likely to result in a reversal or order of new trial. Specifically, the district court found that a supplemental jury instruction, answering a juror's question about the proper use of English translations of Spanish conversations of Herrera–Soto, recorded by the government, raised a substantial issue for appeal. The court then concluded that this issue also provided an "exceptional reason" why detention of Herrera–Soto was inappropriate because the "defendant's conviction rests on the introduction of evidence forming the basis of defendant's appellate issues." (Detention Order, February 10, 1992 at 3). In reaching this conclusion, the district court relied on United States v. DiSomma, 951 F.2d 494 (2nd Cir.1991), the only Court of Appeals opinion to construe the "exceptional reasons" standard. We believe that the district court fashioned an overly expansive interpretation of DiSomma's discussion of what "exceptional reasons" might militate against detention.

As a preliminary matter, we agree with the *DiSomma* court's observation that "a case by case evaluation is essential." *Id.* at 497. Further, the court's observation that "exceptional reasons" must present "a unique combination of circumstances giving rise to situations that are out of the ordinary" is instructive. A substantial question of law sufficient to satisfy the criteria for release required of any convicted person, in a remarkable or unique factual context, may render detention pending appeal inappropriate. Or, as in *DiSomma*, a legal issue may be of such weight that it forms the basis of an "exceptional reason" against detention.

▮ As to Herrera–Soto, however, the district court cited nothing beyond the necessary requirements of a substantial issue on appeal to constitute an "exceptional reason" meriting release pending appeal. In *DiSomma*, the appellant's challenge to his conviction went to the very fact that caused him to be subject to mandatory detention—that is, whether he actually committed a crime of violence. *DiSomma*, 951 F.2d at 498. Herrera–Soto, on the other hand, does not contend that the evidence did not go to the commission of a drug offense subjecting a defendant to mandatory detention. Rather, he offers a challenge to the conduct of his trial. There is nothing out of the ordinary about the circumstances of this case that causes this appellate issue, although arguably meritorious, to transform Herrera–Soto's circumstances into exceptional reasons meriting release pending appeal.

▮ We also note the district court's decision that, although Herrera–Soto was eligible for release under 18 U.S.C. § 3145(c), the statute authorizes only release pending appeal of the detention order rather than release pending the disposition of the merits of his appeal. While we agree that Herrera–Soto should be detained pending appeal, the district court improperly narrowed the reach of section 3145(c). Limiting the period of release authorized by this section to appeals only of the detention order results in an incongruous limitation of an appellate court's authority to order release pending appeal. Under the district court's reasoning, also argued by the government in its response to Herrera–Soto's motion, an appellate court could not order a defendant's release pending the disposition of his appeal even if "exceptional reasons" existed.

▮ Although the provision for release from mandatory detention appears in a section titled "Appeal from a Release or Detention Order", this provision should be read in conjunction with the portion of the statute outlining the general procedures for release pending appeal. The "exceptional reason" provision § 3145(c) was added to the Bail Reform Act along with the amendment providing for mandatory detention in certain circumstances. *See* P.L. No. 101–647, § 902, 104 Stat. 4826, 4827 (1990).[1] It was therefore included as an avenue of relief from the mandatory detention provisions, *United States v. Carr*, 947 F.2d 1239, 1240 (5th Cir.1991), which in turn constitute a portion of the general provisions for release pending appeal. The statute does not indicate that Congress intended that a person having "exceptional reasons" sufficient to override mandatory detention should be limited to a period of release only while an appeal of the detention issue is pending. Read in context, such a limitation would obviously narrow the relief intended by Congress. The statute authorizes a judicial officer, under appropriate conditions, to order release pending appeal. The term "judicial officer" encompasses both lower courts and courts of appeal. Further, the plain language of the amendment to section 3145(c) contains no limitation on the period of release. The amendment therefore does not indicate that release from detention be limited to disposition of the detention issue.

---

1. The amendment added the following language to section 3145(c):

   A person subject to detention pursuant to section 3143(a)(2) or (b)(2) and who meets the conditions of relief set forth in section 3143(a)(1) or (b)(1) may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

**648**

Because Herrera–Soto has not shown exceptional reasons why detention pending appeal is inappropriate, we AFFIRM.