UNITED STATES of America, Plaintiff–Appellee,

v.

Stacey C. KOON, Defendant–Appellant.

UNITED STATES of America, Plaintiff–Appellee,

v.

Laurence M. POWELL, Defendant–Appellant.

Nos. 93–50561, 93–50562.

United States Court of Appeals, Ninth Circuit.

Order Filed Sept. 24, 1993.

As Amended Oct. 1, 1993.

Joel Levine, Encino, CA, for defendant-appellant-cross-appellee Stacey C. Koon.

William J. Kopeny, Santa Ana, CA, for defendant-appellant-cross-appellee Laurence M. Powell.

Steven D. Clymer, Asst. U.S. Atty., Los Angeles, CA, for plaintiff-appellee-cross-appellant.

Before: PREGERSON, BRUNETTI and RYMER, Circuit Judges

## ORDER

The Order and Dissents filed September 24, 1993, as amended October 1, 1993, are designated for publication.

Before: PREGERSON and RYMER, Circuit Judges.

The panel has voted to deny appellants' petitions for rehearing and to reject the suggestions for rehearing en banc.

The full court was advised of the suggestions for rehearing en banc. An active judge

requested a vote on whether to rehear the matter en banc. The matter failed to receive a majority of the votes of the nonrecused active judges in favor of en banc consideration. Fed.R.App.P. 35.

The petitions for rehearing are denied and the suggestions for rehearing en banc are rejected.

Judges Reinhardt, Kozinski and Noonan dissent from the failure of the court to rehear the case en banc. Judge Rymer separately concurs in the decision of the court not to rehear the case en banc.

RYMER, Circuit Judge, concurring:

In their request for bail pending appeal, Stacey Koon and Laurence Powell have shown only ordinary reasons relating to flight risk, danger to the community and issues on appeal; they have not in addition shown, as the Mandatory Detention Act requires, "exceptional reasons" which make detention in their case inappropriate. Congress has declared that *all* persons who are found guilty of crimes of violence *must* be detained—even though they individually pose no risk of flight or danger to the community and despite the fact that they may raise substantial issues on appeal—unless they clearly show "exceptional reasons" why detention is not appropriate. 18 U.S.C. §§ 3143(b)(2) and 3145(c). These two officers were convicted of a violent act, and neither has shown "exceptional reasons" why he should be treated differently from everyone else who has committed a crime of violence.

Whether "exceptional reasons" exist must be determined case-by-case. Because "exceptional" means more than ordinary, and there is nothing out of the ordinary about the reasons offered by Koon and Powell, this matter does not require us to decide what will comprise "exceptional reasons" in some other case. The trial judge's decision denying bail in this case was within his discretion, complies with the bail statutes, and is consistent with the law of other circuits [1] and our own.[2] Our full court therefore properly decided not to rehear the matter en banc, and I write separately to explain why I concur.

The Koon and Powell motions for bail pending appeal raise two issues. The first is whether they were convicted of a "crime of violence" for purposes of the Bail Reform Act, 18 U.S.C. § 3156(a)(4). Assuming they were, and that they pose no risk of flight or danger and raise a substantial question on appeal, the second issue is whether they have clearly shown "exceptional reasons" why detention is not appropriate under the Mandatory Detention Act, 18 U.S.C. §§ 3143(b)(2) and 3145(c).

On the first issue, the bail statutes distinguish between violent and non-violent offenders. A *non-violent* offender may be released pending appeal if he shows that he is not likely to flee or pose a danger to the safety of

---

1. Two other circuits have written on the subject. The Second Circuit held in *United States v. Di-Somma*, 951 F.2d 494 (2d Cir.1991), that it was within the district court's discretion to find exceptional reasons for release when the element of the crime called into question on appeal is the element of the bail statute that bars release. Under those circumstances, where the challenge had to do with sufficiency of the evidence on that element, the defendant will have been confined unjustly if he prevails on appeal, as prevailing on appeal may well result in dismissal of the indictment. In so holding, the court suggested that "an unusual legal or factual question can be sufficient" to meet the "exceptional reasons" test, or "a merely substantial question may be sufficient, in the presence of one or more remarkable and uncommon factors, to support a finding of exceptional reasons for the inappropriateness of detention." *Id.* at 497. However, the court did not define "exceptional reasons" or designate the factors to be considered because "a

case by case evaluation is essential" and the district judge's discretion "is constrained only by the language of the statute." *Id.*

In *United States v. Herrera–Soto*, 961 F.2d 645 (7th Cir.1992) (per curiam), the district court had ordered release simply because Herrera–Soto had shown a substantial issue on appeal. The Seventh Circuit disagreed that merely meeting the threshold requirement suffices; rather, it found "nothing out of the ordinary" about the circumstances of the case. *Id.* at 647.

2. In the analogous case of bail pending appeal from revocation of probation, we have said that "exceptional circumstances" include "(1) raising substantial claims upon which the appellant has a high probability of success; (2) a serious deterioration of health while incarcerated; and (3) any unusual delay in the processing of the appeal." *United States v. Bell*, 820 F.2d 980, 981 (9th Cir.1987).

anyone else or the community, and that the appeal raises a substantial question. 18 U.S.C. § 3143(b)(1). A *violent* offender, on the other hand, may only be released when he meets those same conditions *and* if it is clearly shown there are exceptional reasons why detention would not be appropriate. 18 U.S.C. §§ 3143(b)(2),[3] 3145(c).[4]

The district court found that beating Rodney King was a crime of violence. I agree. This finding triggers the mandatory detention provision of § 3143(b)(2).

Next, the district court found that neither Koon nor Powell was likely to flee or pose a danger to the community, and that both appeals raise substantial questions. These findings satisfy the conditions for release of an ordinary, non-violent offender. 18 U.S.C. § 3143(b)(1). Because these conditions are met, the threshold requirement for the exception to mandatory detention is also met. 18 U.S.C. § 3145(c).

The remaining question, therefore, is whether "it is clearly shown that there are exceptional reasons why [Koon's and Powell's] detention would not be appropriate." *Id.* The answer is no, because no facts or reasons have been adduced in this case which amount to anything more than the normal § 3143(b)(1) *threshold* requirements. The record suggests nothing clearly "out of the ordinary," "uncommon" or "rare"[5] about Koon and Powell which sets them apart from any one else convicted of a crime of violence, or of violating a suspect's constitutional rights.

Koon[6] and Powell advanced numerous reasons in their request for release which they argue qualify as "exceptional": their offense was "highly situational" and their release poses no danger to the community; there are unusual and weighty issues on appeal; they had been acquitted in state court; the victim's conduct contributed to the offense; a lengthy sentence and detention will adversely affect police morale; Koon is involved in civil litigation; there will be difficulty in assuring safety while incarcerated; and the sentence is relatively short in comparison to the relatively long process for appeal.

None of these reasons is exceptional; each is an ordinary corollary of being a law enforcement officer convicted of violating another's civil rights under 18 U.S.C. § 242. Any police officer convicted of a § 242 offense faces civil liability, a difficult time in prison, and unemployment; may have already been prosecuted by the state; has probably been the subject of adverse publicity; and his or her family will undoubtedly suffer hardship. Congress created no law enforcement official exception to mandatory detention. Therefore, unless we are willing to say that all § 242 defendants who are police officers are "exceptional," there is no way these defendants meet the "exceptional reasons" standard.

The most arguably "exceptional reason" proffered by Koon and Powell, is that they may have served a substantial part of their relatively short sentence before the appeal is resolved. While the length of sentence compared with the length of appeal may well be "exceptional" in a particular case, there is no basis for finding any unusual delay in processing the Koon and Powell appeals. We have already issued an expedited briefing schedule requiring all briefs to be filed by mid-February.

---

**3.** Section 3143(b)(2) provides:

(2) The judicial officer shall order that a person who has been found guilty of a [crime of violence] and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained.

**4.** Section 3145(c) provides:

(c) Appeal from a release or detention order.— ... A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

**5.** "Exceptional" as defined in Webster's Third New International Dictionary 791 (1986) (unabridged), quoted in *United States v. DiSomma*, 769 F.Supp. 575 (S.D.N.Y.), *aff'd*, 951 F.2d 494 (2d Cir.1991).

**6.** Koon makes no argument in his suggestion for rehearing en banc that there are "exceptional reasons" for bail.

Otherwise, Powell's (and Koon's) arguments for why their case is "exceptional" are typical arguments relating to flight, risk of violence, and the merits of an appeal. Though it's true that the boundaries of "exceptional reasons" are undefined, "exceptional" necessarily means more than what the typical nonviolent offender must show to merit bail pending appeal—and in turn, what the violent offender must show as a prerequisite to release under the "exceptional reasons" exception to mandatory detention.

·To be eligible for the "exceptional reasons" exception to mandatory detention, the defendant must have shown by clear and convincing evidence that he does not pose a danger to society or a risk of flight, and that the appeal raises a substantial question. 18 U.S.C. § 3143(b)(1). Showing just these things cannot be "exceptional."[7] They are foundational. Otherwise, every violent offender would have as good a chance of getting bail on appeal as every nonviolent offender. This, of course, would be inconsistent with § 3143(b)(2), which mandates detention for persons found guilty of a violent crime. "Exceptional," therefore, necessarily means more than what the typical nonviolent offender must show; and for there to be "exceptional reasons" in addition to meeting the conditions of release set forth in § 3143(b)(1), the violent offender has to show more than the fact that he or she is neither a danger to the community nor likely to flee. Thus, no matter how broadly "exceptional" is defined, there is no way that it could be contoured in keeping with the Congressional mandate so as to make the reasons advanced by Koon or Powell out of the ordinary for a police officer convicted of violating a person's constitutional rights by an act of violence.

Nor is it necessary or helpful to use this case to construct a framework for deciding future cases. We are not called upon here to decide whether reasons of health, or infirmity, might qualify as exceptional.[8] Rather, as both the Second Circuit and the Seventh have said, the determination of whether "exceptional reasons" have been clearly shown is quintessentially a fact-intensive inquiry requiring case by case analysis. *United States v. Herrera–Soto*, 961 F.2d 645, 647 (7th Cir. 1992) (per curiam); *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir.1991).

For these reasons, "exceptional reasons" is not a question of exceptional importance for purposes of en banc rehearing.[9] Fed. R.App.P. 35(a). No constitutional issue is raised. In any event, section 3143(b)(2) on its face reveals a congressional determination that it does not matter whether certain offenders—those who commit crimes of violence—can prove they will stay put and won't bother anyone else while pursuing their appeals. Congress has said as to them, the nature of the underlying offense justifies imprisonment immediately upon conviction. This is a rational distinction. As it is constitutional for Congress to distinguish among defendants based on their (alleged) offenses *before* a trial commences, *see United States v. Salerno*, 481 U.S. 739, 746–52, 107 S.Ct. 2095, 2101–04, 95 L.Ed.2d 697 (1987), it is constitutional for Congress to distinguish among defendants based on their (proved) offenses *after* the trial concludes.

Because the Congress has spoken clearly, there is no inter-circuit conflict, there is no intra-circuit conflict, "exceptional reasons" is a fact-intensive inquiry within the discretion of the district court, and the court's discretion was fully informed and properly exer-

---

**7.** *See Herrera–Soto,* 961 F.2d at 647 (nothing out of the ordinary about raising a substantial issue on appeal).

**8.** In suggesting that a safety valve from the mandatory detention provisions of § 3145 be enacted, Assistant Attorney General Crawford gave ill health and infirmity from age as examples which might make detention unduly harsh. 135 Cong. Rec. § 15202 (daily ed. Nov. 7, 1989). Regardless, as the Second Circuit put it, the "full exercise of discretion in these matters ... certainly is

not limited by the examples contained in the Justice Department letter. It is constrained only by the language of the statute: 'exceptional reasons.'" *DiSomma,* 951 F.2d at 497.

**9.** While many appeals are from conviction for drug or other violent crimes, not many have to do with release under § 3145(c). In most such cases, the threshold requirements are not met and so the "exceptional reasons" inquiry is not triggered.

cised in this case, I concur in the court's decision not to rehear this matter en banc.

REINHARDT, Circuit Judge, with whom Circuit Judge NOONAN joins and Circuit Judge KOZINSKI joins in part, dissenting:

I dissent from our refusal to take this matter en banc. We are faced with a significant, unresolved issue of exceptional importance to the administration of criminal justice. Because the court refuses to take this case en banc, we are forcing Stacey Koon and Laurence Powell to go to prison pending their appeal, even though nobody suggests that there is *any* risk that they will flee or that they will present *any* danger to the community. Because the defendants raise substantial issues on appeal, there is no rational purpose to this action. If Koon and Powell lose, there will be plenty of time for them to serve their sentences after we dispose of the merits of their appeal. However, if they prevail we will have subjected them to unjustified incarceration without any reason at all.

The relevant facts are simply stated and well known. Koon and Powell, two former Los Angeles Police officers, were convicted of criminal civil rights charges for assaulting Rodney King. *See* 18 U.S.C. § 242. Each of them was sentenced to a term of 30 months in prison, followed by two years of supervised release. The district court ordered Koon and Powell detained pending appeal, even though it found that the appeal raised substantial questions of law and even though there was no reason to believe that Koon and Powell presented either a risk of flight or a danger to the community. On its face, the district court's action was a proper application of the Mandatory Detention Act, 18 U.S.C. § 3143(b)(2), which requires detention pending appeal for those who are convicted of violent crimes and certain drug offenses. However, the Act also includes an exception where there are "exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c).

This case squarely presents the question of what constitutes "exceptional reasons" under the Mandatory Detention Act. The term is hardly self-defining, and the statute does not purport to provide a definition. Nor does it provide any criteria or relevant considerations for determining when exceptional circumstances exist. Congress thus left to the judiciary the task of creating a body of precedent to give meaning to this exception. Yet we have never decided what reasons are "exceptional" for the purposes of section 3145(c). No panel of this court has issued a published opinion even discussing this section. Only two circuits appear to have spoken on the issue, *see United States v. Herrera–Soto,* 961 F.2d 645 (7th Cir.1992); *United States v. DiSomma,* 951 F.2d 494 (2d Cir.1991), and in neither case did the court go much further in its analysis than to say that exceptional reasons did (*DiSomma*) or did not (*Herrera–Soto*) exist in the particular case. No opinion has even begun definitively to identify the factors a court must consider in deciding the exceptional reasons issue.

Our failure to elaborate on this issue is clearly not the result of lack of opportunity, for the crimes triggering the mandatory detention provisions make up a significant percentage of our criminal docket. There are no doubt dozens of unpublished orders, like the one in this case, which summarily reject the contention that exceptional reasons exist without giving any indication that a reasoned analysis was undertaken. We cannot go on indefinitely without setting forth some standards for deciding when exceptional reasons exist. The Mandatory Detention Act has been in force for three years. It is time for this court to give district courts and future motions panels guidance in determining what it means.

There is at the very least a substantial question whether exceptional reasons exist here. On the face of it, there is no rational justification for incarcerating Koon and Powell pending their appeal. Congress clearly did not intend to require detention for *everyone* convicted of a crime of violence. Otherwise, it would not have included the exception in section 3145(c). There is no conceivable reason why Congress would have required a defendant to go to prison if it could be proven that there was *no* risk that he would flee, no risk that he would harm the

community, and the defendant raised substantial questions on appeal. Spending time in prison is a significant and painful event. When a defendant is denied bail pending appeal, it may take months or even years before we decide that his incarceration was unjustified. Congress surely did not intend that we force people to undergo such treatment where it serves no rational purpose. A fair reading of the statute suggests that the "exceptional reasons" exception applies in just this kind of case.

Both the Mandatory Detention Act's structure and its meager legislative history make clear that Congress enacted the law to prevent violent criminals and drug offenders from causing harm to the community on release pending appeal. Read in light of this general intent of the Act, the "exceptional reasons" exception appears to apply where there is no chance that the defendants will pose any danger to the community if released. It may well be highly unusual for us to be able to reach that conclusion in the case of a criminal defendant who has been convicted of a violent act. Nevertheless, in a case in which we can, detention pending appeal serves no rational purpose. Because this appears to be such a case, Koon and Powell are entitled to remain free on bail pending their appeal. We should have granted en banc review to consider their claim more fully.

Congress added the Mandatory Detention Act to the federal bail statutes in the 1990 crime bill. The Act, inserted by an amendment on the Senate floor, was originally introduced as a separate bill by Senator Simon. The original version of the act (which became 18 U.S.C. § 3143(b)(2)) abolished bail pending appeal for defendants convicted of violent crimes and serious drug offenses, but it did not include any exception for "exceptional reasons." In introducing the bill, Senator Simon emphasized the danger that individuals convicted of these crimes pose to the community when they are released pending appeal. *See* 135 Cong.Rec. S7511 (1989) (statement of Senator Simon) ("This legislation would ensure that dangerous individuals are kept where they belong, in prison."); *id.* ("My bill prevents these defendants from reentering the community where they pose a danger and can commit further offenses and is especially important in protecting the victims of these serious crimes.").

Section 3143(b)(2) seemed to express Congress's concern that violent criminals and drug offenders would, in almost every case, pose such a danger to the community that they should not be allowed to remain free simply because they met the usual standard for granting bail pending appeal. That standard requires a judicial officer to find by "clear and convincing evidence" that the defendant is not likely to pose a danger to public safety. 18 U.S.C. § 3143(b)(1). Congress took a categorical approach; it decided that in certain classes of cases defendants should be locked up on conviction regardless of whether they met the "clear and convincing" standard. In determining which categories of offenses required mandatory detention pending appeal, Congress simply incorporated by reference the pretrial release provision in the Bail Reform Act of 1984, 18 U.S.C. § 3142(f)(1), which identified those types of crimes in which "a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community." 18 U.S.C. § 3142(e). *See United States v. Salerno*, 481 U.S. 739, 750, 107 S.Ct. 2095, 2103 (1987) ("The act operates only on individuals who have been arrested for a specific category of extremely serious offenses.... Congress specifically found that these individuals are far more likely to be responsible for dangerous acts in the community after arrest.") (citation omitted); S.Rep. No. 98–225, p. 6–7 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3189 (justifying the presumption of dangerousness in 18 U.S.C. § 3142(f)(1) because "there is a small but identifiable group of particularly dangerous defendants as to whom neither the imposition of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community or other persons"). For post-conviction bail, Congress simply made the rebuttable presumption of dangerousness irrebuttable, except

when exceptional reasons exist.[1]

Congress added the "exceptional reasons" provision in 18 U.S.C. § 3145(c) to mitigate the harshness of section 3143(b)(2)'s blanket prohibition on release pending appeal in drug cases and cases involving crimes of violence. The exception was first proposed by the Department of Justice, in a letter to Senator Simon which expressed general support for the Mandatory Detention Act but also expressed concern about its "'mandatory nature.'" *United States v. DiSomma*, 769 F.Supp. 575, 577 (S.D.N.Y.) (quoting Letter from Carol T. Crawford to the Honorable Paul Simon, at 2 (July 26, 1989)), *aff'd*, 951 F.2d 494 (2d Cir.1991). This letter suggested that, in some cases, release might be proper even for people convicted of crimes of violence and serious drug offenses. Assistant Attorney General Crawford's letter to Senator Simon appears to be the only legislative history of the "exceptional reasons" provision. It indicates that exceptional reasons will exist when an appeal raises substantial questions of law and, because of special circumstances not present in ordinary drug and violent crime cases, it can be said with certitude that the defendant will present neither a risk of flight nor of danger to the community if released. The letter included two examples of cases presenting "exceptional reasons," which indicate that a variety of unusual cases can satisfy this standard. First, the letter posited the case of an elderly man with strong community ties and no prior record who is convicted of the mercy killing of his wife and challenges the applicability of the federal murder statute to his conduct. The letter also asserted that exceptional reasons would exist where a convicted drug dealer, who sustained incapacitating wounds during his capture which made him unlikely to commit further crimes or flee, raised a novel and difficult search and seizure question on appeal.

What these cases have in common is that, in both, objective factors make it sufficiently certain that the defendant will not present a danger to the community if released, notwithstanding the presumption that all persons convicted of violent crimes and serious drug crimes are dangerous. We used to presume that defendants were entitled to bail pending appeal. The only reason Congress reversed this presumption in 1984 was its concern for the danger many defendants present upon release. Congress tightened the requirements in 1990 out of a concern that a clear and convincing showing was not enough to protect society from violent criminals and serious drug offenders. Yet Congress left an exception to its general rule requiring detention in these cases. Whatever its outer bounds, this exception must certainly apply in a case in which there is *no* danger that the defendants will commit criminal acts while on appeal or will flee. In short, the exception must apply where detention would not serve any rational goal of the mandatory detention law.

The two hypothetical cases in Assistant Attorney General Crawford's letter indicate that other factors, besides total lack of dangerousness, may establish "exceptional reasons." Both of the cases in the letter involve a person for whom detention would be "unduly harsh" given the accompanying circumstances and the extent to which the defendant had already suffered. *DiSomma*, 769 F.Supp. at 577 (quoting Crawford letter). One can think of additional reasons that, even in combination with the ordinarily insufficient "clear and convincing" evidence of lack of flight risk or dangerousness, would qualify as "exceptional." Fatal illness of the defendant or the defendant's spouse or child might be one example. Significant changes in life circumstances leaving the defendant without the opportunity to commit the same crimes in the future might be another. Exceptional reasons might also exist when the defendant's culpability is significantly less than that of the typical offender contemplated by Congress in creating its categories of dangerous offenders, or when the defendant's immediate incarceration would cause him undue or unusual hardship. The exception may also apply when it is fairly clear that we will be compelled to reverse the defendant's con-

1. In the 1984 Act, Congress established a rebuttable presumption of dangerousness in *all* posttrial release cases. The 1990 Act made this presumption irrebuttable in cases involving crimes of violence or serious drug offenses, subject to the "exceptional reasons" exception.

viction. There appear to be a number of possible reasons that might under appropriate circumstances qualify as exceptional. The general principle, however, seems to be that exceptional reasons exist in unusual cases where application of the statute would be "unduly harsh."

This appears to be a case where exceptional reasons exist. Koon and Powell are both first offenders for whom any prison sentence may entail substantial risks—risks that may be greater than those incurred by other prisoners. That is a plain reality of prison life. Because the appeal may take some time, and the sentences are relatively short, Koon and Powell may have to serve a substantial portion of their incarceration before we even decide their cases. This is especially true given the complex nature of the issues they intend to raise on appeal. Most important, however, is the fact that there is *no* risk that Koon and Powell will flee or do harm to the community while awaiting the results of their appeal. They are no longer on the police force, so they are no longer in a position to harm anyone else in the community the way they harmed Rodney King. Nor is there any reason to believe that they would pose a danger to the community in any other respect. In these circumstances, detention pending appeal seems unjustifiably and "unduly harsh."

Certainly, the facts of this case are far more exceptional than those in *DiSomma, supra.* In that case, the Second Circuit found that "exceptional reasons" existed where the defendant's appeal challenged the sufficiency of the evidence to support the violence element of his conviction. The court held that the case was exceptional because the "element of the crime called into question on appeal [was] the element of the bail statute that bars release." *Id.,* 951 F.2d at 498. The rationale underlying *DiSomma* would appear to be equally applicable whenever any sufficiency of the evidence challenge is made. When considered in light of the purposes of the Mandatory Detention Act, Koon and Powell's case seems far stronger than that of the defendant in *DiSomma.*

However we would resolve these issues, I think the court errs in refusing to take this matter en banc. This case presented an important opportunity for us to define principled criteria for courts to employ in resolving an issue which arises regularly. Because the court refuses to take this opportunity, we leave district courts, motions panels, and future litigants without any guidance regarding the meaning of the "exceptional reasons" exception to the Mandatory Detention Act. More important, we force Koon and Powell to commence serving a prison term that may be overturned on appeal. We do so despite the fact that there is no rational reason why they should be incarcerated while this case is being decided. If they would not present a danger to society over the next several months (and I am aware of no evidence that they would), and if they would not flee (and no one suggests that they will), there is simply no justification for denying them bail. I believe the statutory exception applies here. If not, I would question the constitutionality of the Mandatory Detention Act as applied.

KOZINSKI, Circuit Judge, dissenting.

I agree with Judge Reinhardt that the question presented by the bail application deserves consideration by the court en banc. Therefore, I join the first five paragraphs of his dissent.

Unlike Judge Reinhardt, I am not certain about the proper interpretation of the Mandatory Detention Act, 18 U.S.C. § 3143(b)(2), or its "exceptional reasons" proviso, *id.* § 3145(c). The abbreviated briefing schedule, the absence of oral argument, the lack of time for research and reflection all make me hesitate to express a public view on this difficult issue.