**UNITED STATES of America, Plaintiff,**

**v.**

**Joseph Ray CANTRELL, Defendant.**

**No. CR–N–95–2–DWH.**

United States District Court,
D. Nevada.

June 7, 1995.

Ronald C. Rachow, Asst. U.S. Atty., Reno, NV, for plaintiff.

Kristine Smith, Asst. Federal Public Defender, Reno, NV, for defendant.

### *ORDER*

HAGEN, District Judge:

Defendant Joseph Ray Cantrell, a nineteen-year-old Native American, was convicted by a jury of assault with a dangerous weapon in violation of 18 U.S.C. §§ 113(c), 1151, and 1153(a) (# 38). He and his cousin had spent the better part of an afternoon drinking 7% alcohol malt liquor from 24–ounce cans. A drunken quarrel over a trivial matter ensued between them. It evolved into a fight. Cantrell used a large twin-

bladed knife; his cousin used his fists. Cantrell inflicted multiple stab wounds[1] on his younger, larger cousin. He received a black eye in return and left for home, where the tribal police later found and arrested him.

Upon conclusion of the trial, the court ordered Cantrell's pretrial release continued pending sentencing (# 40), which is scheduled on August 30, 1995. The government moves the court to reconsider the order granting presentence release (# 41), and Cantrell opposes (# 43).[2]

Release or detention of a defendant pending sentencing is governed by 18 U.S.C. § 3143(a). Subsection (1) of § 3143(a) generally mandates detention of a defendant who is subject to imprisonment upon sentencing, "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." In this case, the court found by clear and convincing evidence Cantrell would not be flight risk or danger to others. Specifically, he has no record of violent crime, and the participants, he and his cousin, both had elevated blood alcohol levels at the time of the fight. Thus, it is likely this violent crime was an isolated incident. Cantrell has lived with his grandmother nearly all his life and has been on release to her custody without incident. Pretrial Services has recommended that he be continued on his present release pending sentencing. Therefore, the court ordered Cantrell's release continued.

However, as the government points out, subsection (2) of § 3143(a) requires additional findings by the court in order to release a defendant who has been found guilty of, *inter alia,* a violent crime. Cantrell was found guilty of a violent crime—assault with a dangerous weapon; hence, the additional requirements of § 3143(a)(2) must be met. Specifically, the court must find either "there is a substantial likelihood that a motion for acquittal or new trial will be granted" or "an attorney for the Government has recommended that no sentence of imprisonment be

imposed on the person." 18 U.S.C. § 3143(a)(2)(A)(i).

■ Because the court did not apply subsection (2) in ordering Cantrell released prior to sentencing, the court must now reconsider its order. With regard to Cantrell, the court can make neither of the findings necessary to overcome the presumption of detention. Cantrell has not made a motion for acquittal or new trial, nor does he submit any possible grounds for such a motion in his opposing papers. Likewise, the government has not recommended that no sentence of imprisonment be imposed on Cantrell. Thus, under § 3143(a), Cantrell is required to be detained pending sentencing.

■ Although Cantrell apparently concedes the above, he argues he should remain on release pursuant to 18 U.S.C. § 3145(c), which provides that, on appeal from a release or detention order,

A person subject to detention pursuant to section 3143(a)(2) ..., and who meets the conditions of release set forth in section 3143(a)(1) ..., may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

On its face, the above provision would appear to allow only appellate courts to make the determination whether "exceptional reasons" make detention inappropriate. However, as Cantrell points out, many courts have decided, either expressly or implicitly, that the district court may make such a determination in the first instance. *E.g., United States v. Jones,* 979 F.2d 804, 806 (10th Cir.1992); *United States v. Herrera–Soto,* 961 F.2d 645, 647 (7th Cir.1992); *United States v. DiSomma,* 951 F.2d 494, 496 (2d Cir.1991); *United States v. Carr,* 947 F.2d 1239, 1240 (5th Cir.1991); *see also United States v. Mostrom,* 11 F.3d 93, 95 (8th Cir.1993). The primary reason for this interpretation is that the "exceptional reasons" provision of § 3145(c) was added to the Bail Reform Act

---

**1.** The wounds were subcutaneous only, but required some surgical repair. None penetrated the body cavity or were otherwise life threatening.

**2.** Cantrell has also submitted a supplement to his opposition (# 44), which the court has considered in making the instant decision.

as "an avenue of relief from the mandatory detention provisions" and that Congress gave no intention that this avenue of relief should be limited to reviewing courts. *See, e.g., Herrera–Soto,* 961 F.2d at 647. Nor does it seem logical that Congress intended to limit factfinding associated with presentence release to the appellate court. *Id.*

In contrast, one district court rejected the decisions of the circuits that have decided a district court may determine whether "exceptional reasons" exist. *United States v. Salome,* 870 F.Supp. 648 (W.D.Pa.1994). In *Salome,* the court found "that the jurisdiction established by § 3145(c) is appellate jurisdiction, not original jurisdiction to act independently." *Id.* at 652. The court based its conclusion on the plain language of § 3145(c), the overall structure of § 3145, and the absence of any "exceptional reasons" provision in § 3143. *Id.* Further, citing Fed.R.App.P. 9(b), the court rejected the suggestion that district courts must make the factual findings required to determine whether "exceptional reasons" exist because appellate courts are not positioned to make such findings. *Id.* at 652–53.

The Ninth Circuit has apparently not decided this issue. However, in dicta in a published order rejecting suggestions to rehear a matter *en banc,* four judges of the Ninth Circuit assumed that district court judges should determine whether "exceptional reasons" for release exist pursuant to § 3145(c). *United States v. Koon,* 6 F.3d 561 (9th Cir.1993). In a concurring opinion, Judge Rymer concluded that " 'exceptional reasons' is a fact-intensive inquiry within the discretion of the district court." *Id.* at 564. Similarly, in a dissenting opinion, Judge Reinhardt, joined by Judge Noonan and Judge Kozinski, observed, "It is time for this court to give district courts and future motions panels guidance in determining what ['exceptional reasons'] means." *Id.* at 565.

Although the court finds quite persuasive the *Salome* court's rejection of district court jurisdiction to apply § 3145(c), the weight of authority, including the limited Ninth Circuit authority, compels the court to conclude otherwise. Hence, the court must determine whether Cantrell has clearly shown there are exceptional reasons why detention pending appeal would not be appropriate.

As Judge Reinhardt observed in *Koon,* "No opinion has even begun definitively to identify the factors a court must consider in deciding the exceptional reasons issue." 6 F.3d at 565. He concluded that "[t]he general principle ... seems to be that exceptional reasons exist in unusual cases where application of the statute would be 'unduly harsh.' " *Id.* at 568. Elsewhere, he concluded that "exceptional reasons" would also exist where there was no chance a defendant would pose any danger to the community if released. *Id.* at 566.

In contrast, Judge Rymer stressed that "exceptional reasons" necessarily requires something "out of the ordinary," "rare," or "uncommon" which would set the defendant apart from other violent offenders who satisfy the prerequisite of § 3143(a)(1)—i.e., the violent offender must show more than the fact he or she is unlikely to flee and poses no danger to others. *Koon,* 6 F.3d at 563–64. At bottom, according to Judge Rymer, " 'exceptional reasons' is a fact intensive inquiry within the discretion of the district court." *Id.*

Under the above guidelines, the court finds it has been clearly shown that "exceptional reasons" exist why Cantrell's detention would not be appropriate pending sentencing. Because of his status as a Native American and the fact that the crime took place on a reservation, Cantrell has been subject to dual prosecution for the assault by the federal courts and the tribal courts. As a result, he has already served four and one half months in jail, and he is under supervision by both a tribal probation officer and federal Pretrial Services. More importantly, while on release, Cantrell has been participating in a substance abuse program, and he would benefit more from outpatient treatment at this time than from incarceration. See Doc. # 43 Ex. A. Additionally, presentence incarceration might affect Cantrell's opportunity to qualify upon sentencing for the "shock incarceration program" pursuant to 18 U.S.C. § 4046. Finally, the nature of Cantrell's offense—an assault while intoxicated on a member of his own family—makes Can-

trell a very unlikely threat to cause any harm to the community pending his sentencing. Hence, Cantrell's situation is unusual and sets him apart from other violent offenders for whom § 3143 mandatory detention is appropriate; for him, detention would be unduly harsh.

Accordingly, **IT IS HEREBY ORDERED** that the government's motion to reconsider order granting presentence release (# 41) is denied; defendant shall remain on release under the conditions stated in the court's order of May 25, 1995 (# 40).