UNITED STATES of America, Plaintiff,

v.

George H. DEVINNA, aka
"Jeremy", Defendant.

No. CR. S–97–0462 WBS.

United States District Court,
E.D. California.

May 6, 1998.

Miquel Rodriguez, U.S. Atty., Sacramento, CA, for U.S.

John P. Balazs, Federal Defender, Sacramento, CA, Timothy Zindel, Asst. Fed. Defender, Sacramento, CA, for Defendant.

*MEMORANDUM AND ORDER*

SHUBB, District Judge.

Following the entry of defendant's plea of guilty to the charge in Count Four of the Indictment, on April 8, 1998, the government moved that he be remanded to the custody of the Marshal pending sentencing. Defendant filed written opposition to that request, and the court continued the matter one week to April 15, 1998 to allow the government to file a written response. After considering the letter of April 14, 1998 from defendant's doctor, the court on April 15, 1998 continued the matter again to April 29, 1998 with instructions that defendant consult his doctor in the meantime. On April 29, 1998, after hearing, the court ordered defendant detained, pursuant to the provisions of 18 U.S.C. § 3143(a)(2) pending sentencing. This memorandum sets forth the court's reasons for that order and supersedes the oral comments of the court made at the time of the hearing.

The defendant does not dispute that the child pornography offense to which he has pleaded guilty is a "crime of violence" under the Bail Reform Act. *See* 18 U.S.C. § 3156(a)(4)(C). Having pleaded guilty to a "crime of violence," defendant is subject to a provision mandating detention pending sentencing. *See* 18 U.S.C. § 3143(a)(2). That provision contains only two exceptions, neither of which apply under the circumstances of this case. *Id.*

Notwithstanding the mandatory detention provisions of Section 3143(a)(2), the defendant urges the court to release him pending sentencing pursuant to 18 U.S.C. § 3145(c). The government responds that Section 3145(c), by its terms, is available only to an appellate court reviewing a detention decision, *i.e.*, it does not confer authority on a district court.

In the complete absence of appellate authority, the court might be inclined to adopt the government's position. The Supreme Court, though not faced with the issue presented here, has characterized Section 3145(c) as a mechanism for "immediate appellate review of the detention decision." *United States v. Salerno*, 481 U.S. 739, 752,

107 S.Ct. 2095, 95 L.Ed.2d 697 (1987). Moreover, two district courts in Pennsylvania have squarely addressed the issue presented here, and persuasively reasoned that Section 3145(c) is available only to appellate courts. *See United States v. Nesser,* 937 F.Supp. 507 (W.D.Pa.1996); *United States v. Salome,* 870 F.Supp. 648 (W.D.Pa.1994).

■ Nevertheless, the overwhelming weight of appellate authority is to the contrary. It appears that every court of appeals that has faced the issue has decided, or assumed, that Section 3145(c) is available to district courts. *See Nesser,* 937 F.Supp. at 508 (collecting cases from Second, Fifth, Seventh, Eighth, and Tenth Circuits). Though the Ninth Circuit has not decided the issue, in a published order rejecting suggestions to hear a matter en banc, four judges of the Ninth Circuit appear to have assumed that the district court possesses the authority to determine under Section 3145(c) whether there exist "exceptional reasons" for release. *See United States v. Koon,* 6 F.3d 561 (9th Cir.1993) (Rymer, J., concurring, and Reinhardt, J., Noonan, J. and Kozinski, J. dissenting). Judge Hagen of the District of Nevada felt constrained by the weight of these appellate authorities to exercise authority under Section 3145(c). *See United States v. Cantrell,* 888 F.Supp. 1055 (D.Nev.1995). I do as well.

Under Section 3145(c), the defendant could obtain release by meeting the conditions of release set forth in 18 U.S.C. § 3143(a)(1)[1], and by making a clear showing of "exceptional reasons" why his detention would not be appropriate. 18 U.S.C. § 3145(c); *United States v. Kinslow,* 105 F.3d 555, 557 (10th Cir.1997). In Judge Rymer's view, Section 3145(c)'s "exceptional reasons" language adds the requirement that the defendant show something clearly "out of the ordinary," "rare," or "uncommon," which would set him apart from other violent offenders. *Koon,* 6 F.3d at 563–64 (Rymer, J., concurring). The defendant must show something more than the fact he is unlikely to flee and poses no

danger to others. *Id.* In Judge Reinhardt's view, the defendant need show that "the application of the statute would be 'unduly harsh.'" *Id.* at 568 (Reinhardt, J., and Noonan, J. dissenting). Elsewhere, he elaborated that whatever the "exceptional reasons" exception means it would certainly apply where there was "no danger" that the defendant would flee, or pose a danger to the community. *Id.* at 567–68.

■ Applying Judge Rymer's test, I cannot find that the defendant has made the requisite showing. While the court was originally concerned that defendant's medical condition, resulting in sutures being left in his eye, might constitute the kind of rare or uncommon circumstances Judge Rymer's opinion envisioned, the court no longer entertains such concern since the sutures have been removed. Even assuming that he has shown that he is unlikely to flee or pose a danger to society, "[s]howing just these things cannot be exceptional." *Id.* at 564.

Applying Judge Reinhardt's test, I am compelled to reach the same conclusion. Defendant has clearly shown that he poses no risk of flight. However, the court cannot similarly find that he has clearly shown that he poses "no danger" to the community. He has been convicted of what Congress has defined as crime of violence, *i.e.,* child pornography. A crime of violence, by definition, entails dangers to the community. It is not clear to the court that if released pending appeal the defendant would not again possess child pornography. Although the court has not seen the report of the psychologist retained by the defendant to evaluate him, defendant's Memorandum of Points and Authorities filed April 6, 1998 quotes that report as saying the defendant has "a lifelong history of a psychosexual disorder." Notwithstanding counsel's argument that defendant would refrain from his recent activities if released, the court is unable to find that his release pending sentencing poses no danger

---

1. Section 3143(a)(1) provides in pertinent part that a defendant awaiting sentencing shall be detained unless:

   the judicial officer finds by clear and convincing evidence that the person is not likely to flee

or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c).

to the safety of any other person or the community.

IT IS THEREFORE ORDERED that the defendant be REMANDED to the custody of the United States Marshal pending sentencing.

IT IS FURTHER ORDERED that such order of remand be, and the same hereby is, STAYED pending the outcome of defendant's appeal of this order.