UNITED STATES of America,
Plaintiff,

v.

Mike LAVALLEE, Rod Schultz, and
Robert Verbickas, Defendants.

No. CR.A. 00–CR–481–D.

United States District Court,
D. Colorado.

July 2, 2003.

**1298**

Mark Blumberg, United States Attorney's Office Criminal Section/CRT, Washington, DC, Robert E. Mydans, United States Attorney's Office, Denver, CO, for Plaintiff.,

Thomas James Hammond, Thomas J. Hammond, Atty. at Law, Boston Henry Stanton, Jr., Boston H. Stanton, Jr., Law Offices, Denver, CO, James S. Covino, James S. Covino, P.C., Englewood, CO, Neil E. MacFarlane, Neil MacFarlane, Atty. at Law, Eric R. Toray, gerash, Toray & Gerash, P.C., Denver, CO, for Defendants.

## ORDER

DANIEL, District Judge.

### I. *INTRODUCTION*

THIS MATTER is before the Court on three related motions: (1) Defendant Rod Schultz's motion entitled "Renewed Motion for Release Pending Sentencing, Motion Adopting Motions Filed by Defendants Verickas [sic] and LaVallee, Additionally Requesting Leave to Join Facts and Arguments Forwarded by Both Verbickas and LaVallee"; (2) Defendant Verbickas' Renewed Motion for Release Pending Sentencing; and (3) Defendant LaVallee's Motion to Reconsider Court's Order Detaining Mr. La Vallee Pending Sentencing. These motions arise from Defendants' convictions on certain counts by the Jury through Verdicts entered on June 23 and 24, 2003. After the convictions, the Court denied motions filed by Rod Schultz and Robert Verbickas, which were joined in by Michael LaVallee, to release Defendants pending sentencing.

At the June 24, 2003, hearing on these issues, I found that the conviction of each of the Defendants of an offense under 18 U.S.C. § 242 was a crime of violence as defined in 18 U.S.C. § 3156(a)(4) that precluded the release pending sentencing of Defendants under 18 U.S.C. § 3143(a)(2)

unless the exceptions set forth in that section applied.[1] I found that the exceptions that would warrant release under § 3143(a)(2)(A) did not apply. In that regard, I found that there was not a substantial likelihood that a motion for acquittal or new trial will be granted, and an attorney for the Government was not recommending that no sentence of imprisonment be imposed on the Defendants. *Id.* I suggested to Defendants, however, that they could file a motion to reconsider my ruling if there was case law that supported an argument that an offense under 18 U.S.C. § 242 is not a crime of violence.

Defendants Schultz, Verbickas and LaVallee now seek reconsideration of my ruling, and or have filed renewed motions for release pending sentencing. The Government filed a written response to these motions. A hearing was held on these motions on Tuesday, July 1, 2003. Having carefully considered the motions, the Government's response and the arguments at hearing, I DENY Defendants' motions.[2]

## II. *ANALYSIS*

A crime of violence is defined in 18 U.S.C. § 3156(a)(4) as follows:

(A) an offense that has an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another;

(B) any other offense that is a felony and that, by it nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense; or

(C) any felony under chapter 109A, 110, or 117....

I found at the hearing that an offense under 18 U.S.C. § 242 is a crime of violence as defined by 18 U.S.C. § 3156(a)(4)(B) because it is a felony that, by its nature, involves a substantial risk that physical force against a person may be used in the course of committing the offense.

■ Defendants argue that I should reconsider my ruling on this issue, since they contend that an offense under 18 U.S.C. § 242 does not meet the definition of a crime of violence. First, Defendants argue that the elements of this offense (set out in the Jury Instructions in this case at Instruction No 47) do not include the use, attempted use, or threatened use of physical force of force, citing *United States v. Ramey*, 336 F.2d 512 (4th Cir.1964), *cert. denied*, 379 U.S. 972, 85 S.Ct. 649, 13 L.Ed.2d 564 (1965). Second, they argue that this offense does not, by its nature as set forth in the statute, involve a substantial risk that physical force against a person or property of another may be used in the course of committing the offense.[3] Finally, Defendants argue that other persons who were convicted or pled guilty to violations of 18 U.S.C. § 242 were not detained pending sentencing, and that this supports a finding that detention is not proper in this case. The Government asserts that the offenses for which Defendants were convicted under both 18 U.S.C. §§ 241 and 242 are crimes of violence, and that the circumstances of those other cases are distinguishable.

I disagree with Defendants' positions and affirm my previous ruling that an offense under 18 U.S.C. § 242 is a crime of

---

1. I found that § 3143(a)(2) applied instead of (a)(1) since Defendants were guilty of an offense in a case described in 18 U.S.C. § 3142(f)(1)(A); namely, a crime of violence.

2. Rod Schultz's motion is granted, however, to the extent that it seeks to adopt the motions filed by Verbickas and LaVallee and to join facts and arguments made by them.

3. There is no dispute that the definition of crime of violence in § 3156(a)(4)(C) does not apply, since these convictions do not fall under the specified chapters therein.

violence as defined under 18 U.S.C. § 3156(a)(4)(B). I first note that it does not appear that any Circuit Court, including the Tenth Circuit, has decided whether an offense under § 242 is a crime of violence. The only Circuit Court opinion that considered this issue was a concurring opinion in *United States v. Koon*, 6 F.3d 561 (9th Cir.1993) (Rymer, Circuit Judge, concurring), cited by the Government. In the underlying case in *Koon*, defendants were convicted of criminal civil rights charges under 18 U.S.C. § 242 for assaulting Rodney King. *See Koon*, 6 F.3d at 565. The defendants moved for bail pending appeal, raising issues of: (1) whether they were convicted of a crime of violence for purposes of 18 U.S.C. § 3156(a)(4); and (2) if they were, whether exceptional circumstances existed why detention is not proper under § 3143(b)(2) and 3145(c). *Id.* at 562. "The district court found that beating Rodney King was a crime of violence." *Id.* at 563. The district court thus detained the defendants pending appeal, "even though it found that the appeal raised substantial questions of law and even though there was no reason to believe that [the defendants] presented either a risk of flight or a danger to the community." *Id.* at 565.

The majority opinion in *Koon* rejected the defendant's petitions for rehearing, *id.* at 562, although four of the Justices stated in the concurring and dissenting Opinions that the Court should decide whether exceptional circumstances existed for the release of the defendants. In dicta in the concurring opinion, Circuit Judge Rymer

agreed with the district court, without explanation, that the conviction of Koon and Powell under § 242 was a crime of violence that triggered the mandatory detention provision of § 3143(a)(2). *Id.* at 563.

The Government also cited two District Court cases which held that violations of civil rights of another by a law enforcement officer constitute a crime of violence. *See United States v. Volpe*, 62 F.Supp.2d 887, 895–96 (E.D.N.Y.1999) (stating without discussion that conspiring to violate, and violating, the civil rights of a detainee by a police officer was a crime such that the officer was not entitled to release on bail pursuant to 18 U.S.C. § 3143(a)(2)(A)), *vac'd on other grounds, United States v. Schwarz*, 283 F.3d 76 (2nd Cir.2002); *United States v. Wajda*, No. 94–117, 1994 WL 716006 (E.D.La.1994) (stating without discussion that a conviction of violating the civil rights of a person as a law enforcement officer was a crime of violence which required that bail be denied pursuant to § 3143). However, none of these cases are controlling precedent, nor do they provide any explanation for their conclusion that an offense under § 242 is a crime of violence. Accordingly, I find them of little guidance.

Instead, I turn to Tenth Circuit precedent as to what constitutes a crime of violence. The Tenth Circuit states that in determining this issue, I must focus solely on the statutory definition of the offense to determine whether it is a crime of violence, and not on the ·underlying facts of the specific case. *United States v. Reyes–Castro*, 13 F.3d 377, 379 (10th Cir.1993).[4] In

---

4. *See also United States v. Ortega–Garcia*, 12 Fed.Appx. 897, 899–900, 2001 WL 699074, at *2 (10th Cir.), *cert. denied,* 534 U.S. 883, 122 S.Ct. 189, 151 L.Ed.2d 132 (2001); *Sutherland v. Flemming*, 229 F.3d 1164, 2000 WL 1174566, at *2 (10th Cir.2000); *United States v. Manuel–Mediano*, 182 F.3d 934, 1999 WL 317514, *2–3 (10th Cir.1999). Although these and other Tenth Circuit cases cited in this

Order do not involve interpretation of 18 U.S.C. §§ 3143(a) and 3156(a)(4), the statutes at issue, I find they are instructive as to how the Tenth Circuit determines whether an offense is a crime of violence. Further, they involve interpretations of statutes that have substantially the same definition of crime of violence as in 18 U.S.C. § 3156(a)(4).

other words, the Tenth Circuit applies a "categorical approach that considers only the generic elements of the offense." *Tapia Garcia v. INS,* 237 F.3d 1216, 1221–22 (10th Cir.2001). The Tenth Circuit has also applied a "common sense" approach in looking at the statute to determine whether it meets the definition of a crime of violence. *Reyes–Castro,* 13 F.3d at 379.

I find the *Reyes–Castro* case instructive on the definition of a crime of violence. In that case, the defendant was convicted of re-entry after deportation in violation of 8 U.S.C. § 1326. He alleged that the Immigration and Naturalization Service erroneously classified his prior state conviction for attempted sexual abuse of a child as an "aggravated felony". The definition of "aggravated felony" includes any crime of violence. The Tenth Circuit thus had to determine whether attempted sexual abuse of a child met the definition of a crime of violence.[5] The Tenth Circuit affirmed the district court's holding that attempted sexual abuse of a child is a crime of violence. Even though the elements of the crime did not include the use of physical force, the Tenth Circuit held, "[b]ecause the crime involves a non-consensual act upon another person, there is a substantial risk that physical force may be used in the course of committing the offense." *Id.* at 379. Accordingly, the Tenth Circuit concluded that the defendant "was correctly characterized as an 'aggravated felon.'" *Id.* at 380.

■ Turning to the statute upon which all three Defendants were convicted, 18 U.S.C. § 242 makes it a felony to "willfully subject[ ] any person ... to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States" if bodily injury results. As explained by the Supreme Court, "Section 242 is a Reconstruction Era civil rights statute making it criminal to act (1) 'willfully' and (2) under color of law (3) to deprive a person of rights protected by the Constitution or laws of the United States." *United States v. Lanier,* 520 U.S. 259, 264, 117 S.Ct. 1219, 137 L.Ed.2d 432 (1997).

Although bodily injury is referenced in the statute only in connection with an increase in the penalties associated with the crime, I find that bodily injury is also an essential element of the felony offense under this statute that these Defendants were convicted of. Defendant LaVallee admitted this in another motion filed in this case, citing to *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *See* LaVallee Mot., July 1, 2003, p. 3.[6] In *Apprendi,* the Supreme Court held, "[o]ther than the fact of a conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proven beyond a reasonable doubt." *Id.* at 490, 120 S.Ct. 2348. In keeping with this holding, bodily injury was submitted to the jury as an essential element of an offense under § 242, to be proved beyond a reasonable doubt. *See* Jury Instruction No. 47.

With the foregoing in mind as to the statutory elements, I find that 18 U.S.C. § 242 does, by its nature, impose a substantial risk that physical force against a person may be used in the course of committing the offense. As in *Reyes–Castro,* the crime involves a non-consensual act (willfully depriving a person of their constitutional rights and causing bodily inju-

---

**5.** Although the Tenth Circuit was looking at the definition of "crime of violence" in 18 U.S.C. § 16, this definition is the same definition as found in the statute at issue, 18 U.S.C. § 3156(a)(4)(A) and (B).

**6.** Defendants Schultz and Verbickas also have not contested that bodily injury is an essential element of an offense under § 242.

ry) wherein there is a high risk that physical force will be used to inflict the bodily injury. Although Defendants argue that they can envision circumstances where force would not be used in connection with a violation of § 242, *Reyes–Castro* makes it clear that "[i]t does not matter whether physical force is actually used." *Id.* "Our scrutiny ends upon a finding that the risk of violence is present." *Id.; see also United States v. Zamora,* 222 F.3d 756, 764–65 (10th Cir.) ("[a]lthough it is possible to theorize situations where physical force would not be used during the commission of the crime, this is not the inquiry"), *cert. denied,* 531 U.S. 1043, 121 S.Ct. 641, 148 L.Ed.2d 547 (2000).

Other cases that support my conclusion that an offense under 18 U.S.C. § 242 is a crime of violence as defined under 18 U.S.C. § 3156(a)(4)(B) include *Tapia Garcia,* 237 F.3d at 1222 (alien's conviction of driving under the influence of drugs or alcohol under Utah statute constituted a crime of violence such that alien was an aggravated felon because of the "well-documented danger inherent in drunk driving" and the fact that " '[d]runk driving often results in injury' ") (quotation and internal quotations marks omitted); *Zamora,* 222 F.3d at 764–65 (conviction under New Mexico law of felony false imprisonment was crime of violence under career offender sentencing guideline because it involved a non-consensual act where the victim was placed "in reasonable fear of violence"); *Sutherland v. Flemming,* 229 F.3d 1164, 2000 WL 1174566, at *2 (10th Cir.2000) (burglary of a building involves a substantial risk that physical force may be used against the property of another such that it was a crime of violence).

I also reject the argument that an offense under 18 U.S.C. § 242 is not a crime of violence because the Court did not make such findings as to other persons convicted or who pled guilty to such an offense.

Defendants rely heavily on a trial transcript in *United States v. Mills,* No. 97–CR–346–D (Defs.Ex. A) wherein the Government did not seek detention of Mr. Mills under 18 U.S.C. § 3143(a)(2). In *Mills,* the defendant was convicted of an offense under § 242, and defense counsel moved for defendant's release on bail pursuant to 18 U.S.C. § 3143. The Government had no objection to Mr. Mill's release on bail, despite being questioned by the Court about applicability of the provisions of the statutory section at issue here, § 3143(a)(2). *See* Ex. A at 630–32. Defendants argue that this constitutes an admission by the Government that an offense under § 242 is not a crime of violence. Defendants also argue that imposition of the mandatory detention provisions of § 3143(a)(2) would be unconstitutional as to these Defendants since the Government did not seek its application as to Mr. Mills or as to other persons who pled guilty to such offenses, including Charlotte Gutierrez, David Armstrong, and Jake Geiger.

I reject these arguments. The Court was not asked to make a finding in those other cases that a violation of 18 U.S.C. § 242 was a crime of violence that required detention under the provisions of § 3143(a)(2), and the Court did not consider the issue. Now that I am asked to make such a finding, I am bound by the statutes and law on the issue discussed above, not whether the Government previously requested as to other persons that such a finding be made. Moreover, Defendants have cited absolutely no authority for their argument that applying the provisions of § 3143(a)(2) to them would be unconstitutional when it was not applied to those other persons, and I find absolutely no support for this argument. This is not a situation where Defendants are being treated differently from others similarly situated, indeed, I find those other cases completely distinguishable from the case

at hand since the issue of detention under § 3143 was not even requested. Moreover, Defendants have not asserted that they are part of a suspect class for equal protection purposes.

Since I find that an offense under 18 U.S.C. § 242 is a crime of violence, I affirm my prior ruling that Defendants must be detained under 18 U.S.C. § 3143(a)(2) because I find that the exceptions to detention are not satisfied. In that regard, I find that there is not a substantial likelihood that a motion for acquittal or new trial will be granted. *Id.*, § 3143(a)(2)(A)(i). Also, the Government is requesting a term of conviction this case so that the provisions of § 3143(a)(2)(A)(ii) are not met. Since the provisions of § 3143(a)(2)(A) are not met, there is no need for me to consider § 3143(a)(2)(B). Finally, I decline Defendant Schultz's request to be released pursuant to the provisions of 18 U.S.C. § 3145(c). I find this section to be inapplicable as it applies to appeal from a release order, which is not at issue here. I also find that exceptional circumstances do not exist for the release of Defendants.[7]

### III. CONCLUSION

In conclusion, for the reasons stated above, it is

ORDERED that Defendant Rod Schultz's Renewed Motion for Release Pending Sentencing, Motion Adopting Motions Filed by Defendants Verickas [sic] and LaVallee, Additionally Requesting Leave to Join Facts and Arguments Forwarded by Both Verbickas and LaVallee is **GRANTED IN PART AND DENIED IN PART**. Specifically, it is

ORDERED that Defendant Rod Schultz's Motion is **GRANTED** to the extent that it seeks leave to adopt the motions filed by Defendants Verbickas and LaVallee and to join in their facts and arguments. Defendant Rod Schultz's Motion is **DENIED** to the extent that it seeks release pending sentencing. It is

FURTHER ORDERED that Defendant Verbickas' Renewed Motion for Release Pending Sentencing filed June 25, 2003, is ·**DENIED.** It is

FURTHER ORDERED that the Motion to Reconsider Court's Order Detain-

---

7. Since I find that an offense under 18 U.S.C. § 242 is a crime of violence under 18 U.S.C. § 3156(a)(4)(B), I need not consider the Government's other arguments. Specifically, the Government argued that a § 242 offense also meets the definition of a crime of violence under § 3156(a)(4)(A). Without deciding the issue, I note that it is doubtful whether an offense under § 242 meets this definition, as the elements of the offense do not include the use, attempted use or threatened use of physical force. The Government's argument that the elements as defined in this case include the use of force would, I believe, improperly require me to delve into the factual circumstances of the case. I also am doubtful that an offense under 18 U.S.C. § 241 is a crime of violence. The statutory elements of § 241 do not require the use or attempted use of force. Moreover, § 241 does not appear to meet the requirements of § 3156(A)(4)(B). It does not require a finding of bodily injury as does § 242, and there are numerous ways that the statute can be violated (through intimidation, threats or oppression) where there is not a substantial risk of the use of force. Finally, although the Tenth Circuit recognizes that conspiracies to commit violent acts can themselves be crimes of violence, the conspiracy in this case was to deprive a person of their constitutional rights, which is not a violent act. Although the Tenth Circuit has looked beyond the statutory elements and to the overt acts in certain circumstances to make this determination, it has done so only where proof of an overt act is required as an element of the offense. *See Hunnicutt v. Hawk*, 229 F.3d 997, 1000–01 (10th Cir.2000); *United States v. Brown*, 200 F.3d 700, 706 (10th Cir.1999). Violations of § 241 do not require proof of an overt act. *United States v. Whitney*, 229 F.3d 1296, 1301 (10th Cir.2000). Thus, reference to the overt acts is improper.

**1304**

ing Mr. La Vallee Pending Sentencing is **DENIED.**