**UNITED STATES of America, Plaintiff,**

v.

**Martin W. CHARGER, Defendant.**

**No. CR 95–30052.**

United States District Court,
D. South Dakota,
Central Division.

Feb. 12, 1996.

Mara M. Kohn, Pierre, South Dakota, for plaintiff.

Michael Strain, White River, South Dakota, for defendant.

KORNMANN, District Judge.

On December 20, 1995, defendant was convicted of two offenses, both crimes of violence. The Court orally ordered the defendant released to his father as third-party custodian. Defendant has no previous violations of the law, as a juvenile or as an adult, in tribal court, in state court or in federal court. His family was present throughout the trial. Throughout the trial, the defendant displayed in the presence of the Court and the jury, almost constant remorse. He cried at times. He did not obstruct justice. He did not testify although he obviously would have had no concern as to impeachment by other convictions. Immediately after the assault, he went to tribal police headquarters to turn himself in to authorities. He assaulted his brother who has forgiven him, as have all other family members. The older brother who was assaulted was a very active participant in the events that led up to the assault. Although the response of defendant and the crimes he committed were out of all proportion to the assault committed upon him by his older brother, these are factors the Court must consider and did consider. Both defendant and his older and much stronger and aggressive brother were highly intoxicated. No supervision was being exercised by defendant's mother who was present while all the two or three assaults were being committed. She was at the time the offense was committed a negative influence as to the defendant. Defendant has never been and is not now a danger to society, to the victim or to anyone. He committed apparently a single aberrant act out of all character for him. It was spontaneous and seemingly thoughtless.

Pursuant to 18 U.S.C. § 3143(a)(2), the Court has determined there is not a substantial likelihood that a motion for acquittal or new trial would be granted. Further, plaintiff has no intention of recommending that no sentence of imprisonment be imposed on this defendant. The Court found by clear and convincing evidence that defendant is not likely to flee or pose any danger to any other person or to the community. This last finding is immaterial under the dictates of 18 U.S.C. § 3143(a)(2), in view of the position of the government.

The United States Attorneys office, on December 20, 1995, represented orally to the Court that the Court had no discretion and no possible legal authority to release the defendant pending sentencing. Plaintiff filed, on December 22, 1995, a motion for reconsideration and took the same position, representing to the Court that no legal authority existed under any circumstances for the Court to release this defendant. Plaintiff twice failed to bring to the attention of the Court 18 U.S.C. § 3145(c) or any cases interpreting such statute, including but not limited to *United States v. Mostrom*, 11 F.3d 93 (8th Cir.1993).

As further background information which is relevant, this Court received on December 19, 1995, a plea in the matter of *United States of America v. Veit*, CR 95–30071. Following that plea, the Assistant United States Attorney in charge of the office in Pierre, South Dakota, David Zuercher, an attorney with rather long experience as a federal prosecutor, discussed with the Court only 18 U.S.C. § 3143(a)(2), making no mention of 18 U.S.C. § 3145(c) or any relevant cases. Again, the position of the prosecutor's office was the same as taken later in the present case. Mr. Zuercher took the same position before Magistrate Judge Moreno who ordered Mr. Veit held pending sentencing despite the order of this Court entered orally on December 19, 1995, that Mr. Veit, by clear and convincing evidence, posed no danger. Magistrate Moreno was thus told also that no authority existed under any circumstances to consider the release of a defendant pending sentencing unless the government intends, pursuant to 18 U.S.C. § 3143(a)(2), to recommend that no sentence of imprisonment be imposed.

The United States Attorneys office was well aware that this Court was, during the week of January 1, 1996, trying two jury cases, *United States v. Wiest,* CR 95–10016, and *United States v. LeCompte,* CR 95–30055, the jury selection in both cases having been started in Aberdeen, S.D. on Tuesday, January 2, 1996. Both cases were tried that week and the jury verdict in the last trial was rendered at approximately 9:30 p.m. on Friday, January 5, 1996. The United States Attorneys office was also fully aware that this Court was, on Monday, January 8, 1996, commencing a jury trial in Pierre, South Dakota, at 2:00 p.m. of that day; this jury trial was to last three weeks and the jury did not render its verdict until approximately 5:30 p.m. on Friday, January 26, 1996. The United States Attorneys office was also fully aware that, during this lengthy jury trial, this Court conducted ten sentencing hearings, took pleas in nine cases, conducted six motion hearings, and conducted two revocation hearings. They knew also that all this was done without any disruption or delay as to the jury trial.

With this knowledge, the government filed a notice of appeal on January 19, 1996. On January 24, 1996, the United States Court of Appeals for the Eighth Circuit notified Assistant United States Attorney Mara Kohn that the appeal would not be filed until this Court had ruled on the pending motion for reconsideration which the government had filed on December 22, 1995, which motion was not furnished to or received by this Court until December 27, 1995. On December 28, 1995, this Court wrote to counsel for the defendant, sending a copy of the letter to Ms. Kohn. The United States Attorneys office knew, by virtue of that letter and earlier statements made in open court, that this Court was not aware of 18 U.S.C. § 3145(c) and was relying on the three earlier representations made to this Court as to what the law was. Not until later and without any legal authorities furnished by either counsel in this case did this Court become aware of 18 U.S.C. § 3145(c) and the cases interpreting such statute. This Court then caused both counsel to be advised that the defendant was not to be detained pending further review by this Court.

On January 26, 1996, this Court wrote to Assistant United States Attorney Kohn and to Assistant United States Attorney Zuercher, inquiring as to whether either of them were aware of 18 U.S.C. § 3145(c) and *United States v. Mostrom,* 11 F.3d 93, at the time they appeared in open court and filed motions. Ms. Kohn wrote to the Court on January 26 and again on January 29, urging this Court each time to rule promptly on the government's motion for reconsideration. On January 31, 1996, Ms. Kohn wrote in response to the Court's letter of January 26. This response, received by this Court on February 1, 1996, advised that she personally was not aware of the statute or cases interpreting this statute, stating she would never withhold an adverse decision of which she had knowledge. This Court asked for a prompt reply from Mr. Zuercher. He replied by a letter dated February 2 which letter was not received by the Court until February 5, 1996. Mr. Zuercher advised he was not aware of the 1990 amendment as to 18 U.S.C. § 3145 or the cases in some circuits indicating this statute applies to situations such as that of the present defendant. This Court accepts the representations of both Ms. Kohn and Mr. Zuercher as to lack of knowledge as to the statute in question and cases interpreting such statute.

■ This Court finds that it is very possible that reasons for a downward departure may exist at the sentence hearing in this case. See *United States v. Big Crow,* 898 F.2d 1326 (8th Cir.1990). If facts exist at sentencing to justify a departure, it would be counterproductive to imprison defendant while awaiting sentencing. To do so would harm defendant and the interests of society. The father of defendant lives far from the mother of defendant. The environment in the father's home is the opposite of the mother's. No drinking, violence or smoking is permitted in the father's home. This home is located six miles East of Eagle Butte, South Dakota, in a very remote area. The peace pipe is available there for ceremonies and this also will be beneficial to the defendant as he awaits sentencing. They act in the traditional ways of Native American people to counsel and guide the defendant. This par-

ticular father is a very strong positive influence sorely needed by the defendant at this time. Defendant is in need of that guidance, that environment and that support as he awaits sentencing. Nothing similar would be available to him if he is imprisoned at this time. This family needs this time together to heal, to pray, to address the alcohol problems, and to make it likely that defendant will not again act as he did in this case. The father of this defendant is important and essential in this process to be conducted in the setting of the father's home and minute by minute guidance. The defendant got into trouble when he left this environment and went into an unfavorable environment with poor examples and poor peer relationships. He is now engaged in out patient alcoholism treatment. In the exercise of the Court's discretion, the Court finds that there are, in this case, exceptional reasons why detention of this particular defendant is not appropriate. Such reasons, in the opinion of the Court, are clearly shown. The statute in question, although found within the section generally covering appeals, is applicable where reconsideration of the detention order is sought. It is also applicable in the first instance when dealing with post-conviction detention questions. *United States v. Carr,* 947 F.2d 1239, 1240 (5th Cir.1991). This Court has also considered *United States v. Koon,* 6 F.3d 561 (9th Cir.1993), *United States v. Cantrell,* 888 F.Supp. 1055 (D.Nev. 1995) and *United States v. DiSomma,* 951 F.2d 494 (2nd Cir.1991). The motion for reconsideration should be and the same is hereby denied. The reasons which now exist existed also after the verdict of the jury.

Now, therefore,

**IT IS ORDERED:**

1. The defendant should have been released following conviction, such release being pursuant to 18 U.S.C. § 3145(c).

2. The motion of the government to reconsider should be and the same is hereby denied pursuant to 18 U.S.C. § 3145(c).

Dated this 8th day of February, 1996.