**UNITED STATES of America, Plaintiff,**

v.

**James W. RUSSELL, Defendant.**

**Criminal Action No. 94–50053–2.**

United States District Court,
E.D. Michigan,
Southern Division.

Oct. 17, 1996.

Clyde B. Pritchard, Farmington Hills, MI, for James W. Russell.

Mark C. Jones, U.S. Attorney's Office, Flint, MI, for U.S.

### ORDER DENYING DEFENDANT'S MOTION FOR BOND PENDING APPEAL

GADOLA, District Judge.

Defendant was tried and convicted before this court on one count of conspiracy to distribute controlled prescription drugs, and numerous counts of mail fraud relating to insurance claims for prescription drugs. On May 10, 1996, this court affirmed defendant's conviction on the conspiracy and on numerous mail fraud counts, acquitted defendant of four mail fraud counts, and denied defendant's motion for a new trial. Defendant is to be sentenced on October 23, 1996 and seeks bond pending appeal, pursuant to Fed.

R.Crim.P. 46(c), Fed.R.App.P. 9(a) and the Bail Reform Act of 1984 (18 U.S.C. § 3143). For the following reasons, defendant's motion is denied.

The Bail Reform Act, 18 U.S.C. § 3143, reads in relevant part:

(b) Release or detention pending appeal by the defendant.—(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety or any other person or the community if released under section 3142(b) or (c) of this title; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—

(i) reversal,

(ii) an order for a new trial,

(iii) a sentence that does not include a term of imprisonment, or

(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained.

Accordingly, a district court must make two findings prior to granting bond pending appeal. "First, a district court must find that the convicted person will not flee or pose a danger to the community if the court grants bail. Second, the district court must find that 'the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in reversal or an order for a new trial.'" *United States v. Pollard,* 778 F.2d 1177, 1181 (6th Cir.1985). Regarding the first inquiry, an appeal raises a substantial question when the appeal presents a "close question" or one that "could go either way," and that is "so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." *Id.* at 1182 (quoting *United States v. Powell,* 761 F.2d 1227 (8th Cir.1985) (en banc)).

Defendant contends that there are six questions for appeal which could be decided either way, including: (1) whether there was insufficient evidence to support the conspiracy conviction;[1] (2) whether there was insufficient evidence to support the mail fraud conviction;[2] (3) whether the court committed error in denying defendant a mistrial after making comments during trial;[3] (4) whether the court committed error in failing to strike expert witness testimony;[4] (5) whether the court committed error in denying defendant a missing witness instruction;[5] and, (6) whether the court committed error in denying defendant certain jury instructions concerning the duties of pharmacists and physicians.[6] With respect to the second question, the defendant urges this court to consider the possibility that his sentence may be significantly reduced if he prevails in overturning his conspiracy conviction.[7]

Defendant previously brought each and every one of the foregoing six issues before this court in a motion for judgment of acquittal and new trial. In deciding defendant's motion for judgment of acquittal and new trial, this court undertook an exhaustive review of the record and issued a comprehensive opinion and order on May 10, 1996, addressing all six issues. This court did not find that any of the six issues raised a substantial question of law or fact likely to result in reversal or an order for a new trial.

More specifically, in the May 10, 1996 opinion and order, this court held that the record

1. Defendant argues that the conspiracy conviction cannot be upheld because the evidence (e.g. defendant filled prescriptions that other pharmacists would not have filled) is insufficient to show a necessary element, that being that defendant actually and intentionally joined a conspiracy. *United States v. Pearce,* 912 F.2d 159, 161 (6th Cir.1990).

2. Defendant maintains that there was insufficient proof that a "scheme to defraud" existed, which is an element in mail fraud cases. *United States v. Pearlstein,* 576 F.2d 531 (3rd Cir.1978).

3. Defendant argues that the court made a statement which may have had a substantial impact on the jurors (e.g. that defense counsel was "wasting time"), and therefore a mistrial should have been declared by the court.

4. At trial, the government called other pharmacists to testify to their experiences in receiving prescriptions from Dr. Wilson. The pharmacists testified that Dr. Wilson's prescriptions were excessive and, thus, they refused to honor the prescriptions.

5. The government did not call Dr. Wilson at trial. Defendant claims that he attempted to call Dr. Wilson as a witness, but Dr. Wilson expressed his intention on exercising his Fifth Amendment privilege. Defendant argues that the court erred in refusing to allow defense counsel to argue an adverse inference from the government's failure to call Dr. Wilson.

6. The defendant argues that jury instructions concerning a pharmacist's right to rely on prescriptions written by a physician with a valid license were wrongfully denied.

7. Defendant filed a supplemental brief on September 9, 1996, arguing that if the defendant prevails on the conspiracy issue, his offense level under the Sentencing Guidelines will fall dramatically. Defendant asserts that his conspiracy conviction was predicated upon the act of distributing controlled substances not medically necessary, and that his mail fraud conviction was based upon entirely separate acts, wholly unrelated to the conspiracy conviction. Defendant contends that since his actions under the mail fraud and conspiracy convictions do not comprise a "common scheme of plan" then if he is successful on his appeal of the conspiracy conviction and the acts of distributing controlled substances not medically necessary are omitted from consideration in sentencing, then his offense level will be 10, as opposed to 28.

was "rife with evidence" to support the conspiracy conviction and that there was "substantial evidence" from which a jury could conclude that defendant committed mail fraud by developing a scheme with intent to defraud.[8] Also, this court concluded that it was correct in not declaring a mistrial because the comments this court made during defendant's trial did not undermine defendant's ability to effectively present his case. Furthermore, the court found that expert witness testimony was properly introduced, a "missing witness" instruction was not warranted in defendant's case, and that defendant had failed to show how the failure of this court to give various jury instructions required a new trial.[9]

For the reasons expressed in the May 10, 1996 opinion and order, this court again finds that the defendant presents no "close questions" on appeal.[10] *C.f.* S.Rep.No. 98–225 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3209 (providing that defendant's conviction is presumably correct once defendant's guilt of a crime has been established beyond a reasonable doubt). Therefore, defendant's motion for bond pending appeal is denied.

### *ORDER*

Therefore, it is hereby **ORDERED** that defendant's motion for bond pending appeal be **DENIED.**

**SO ORDERED.**

---

**8.** Although this court found sufficient evidence in the record demonstrating the existence of a scheme to defraud and intent to defraud to support all defendant's mail fraud counts, this court acquitted defendant on four counts of mail fraud for other reasons.

**9.** See *United States v. Russell,* No. 94–CR–50053, slip op. (E.D.Mich. May 10, 1996) for a thorough discussion of the six issues defendant asserts on appeal.

**10.** Because the defendant has not established the first element under 18 U.S.C. § 3143(b), this court does not need to reach the second issue—whether the defendant would flee or pose a danger to the community.