**UNITED STATES of America,**
**Plaintiff,**

v.

**Jose RODRIGUEZ, Jr.,**
**et al., Defendants.**

**No. 3:95CR772–02.**

United States District Court,
N.D. Ohio,
Western Division.

Feb. 12, 1999.

Joseph R. Wilson, Thomas O. Secor, Sr., Office of the U.S. Attorney, Toledo, OH, for Plaintiffs.

Charles M. Boss, Boss & Vitou, Maumee Legal Bldg., Maumee, OH, for defendant.

### MEMORANDUM AND ORDER

JOHN W. POTTER, Senior District Judge.

This case is before the Court on defendant Neller's motion to modify, the government's response and various briefs filed by the parties thereafter. The issue presented to the Court is whether or not defendant should now be released from detention pending his appeal. This Court, after defendant's conviction, denied bond; and the Court of Appeals also denied bond finding no substantial issue.

Based on alleged new evidence of prejudicial government attorney misconduct and resulting trial court errors, defendant asserts that he has demonstrated "exceptional reasons" entitling him to be released pending appeal pursuant to 18 U.S.C. § 3145(c). In addition, defendant contends that financial hardship to his family as well as a recently diagnosed illness constitute "exceptional reasons" warranting his release.

Section 3145(c) provides as follows:

**Appeal from a release or detention order.** An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

Section 3143(b) provides as follows:

**Release or detention pending appeal by the defendant.** (1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced of a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—

(i) reversal,

(ii) an order for a new trial,

(iii) a sentence that does not include a term of imprisonment, or

(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained.

Paragraphs (A), (B), and (C) of 18 U.S.C. § 3142(f) describe the following offenses:

(A) a crime of violence;

(B) an offense for which the maximum sentence is life imprisonment or death;

(C) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C.App. § 1901 et seq.)....

■ Detention of persons convicted of offenses described in paragraph (C) is determined by the maximum statutory penalty, not one that is imposed under the guidelines. *See United States v. Carr,* 947 F.2d 1239, 1240 (5th Cir.1991). Detention is mandatory under 18 U.S.C. § 3143(b)(2) unless all of the conditions of 18 U.S.C. § 3145(c) are met.

■ The Court initially notes that although the instant case is on appeal and the Court of Appeals has already ruled on and denied defendant's motion for release pending appeal, this Court retains jurisdiction over questions of custody. *See United*

States v. Krzyske, 857 F.2d 1089, 1090–91 (6th Cir.1988). The first question presented to the Court is whether or not the "exceptional reasons" provision of 18 U.S.C. § 3145(c) may be applied by a District Court or whether it is available only to an appellant court. As noted in *Carr,* Section 3145(c) is confusing because the section is entitled, "Appeal from a release or detention order." However, the language in the section appears to trump the caption. Appellate courts have uniformly held that the "exceptional reasons" language of § 3145(c) may be applied by the district court. *See Carr,* 947 F.2d at 1240; *United States v. Herrera–Soto,* 961 F.2d 645, 647 (7th Cir.1992); *United States v. Jones,* 979 F.2d 804, 806 (10th Cir.1992); *United States v. Cantrell,* 888 F.Supp. 1055, 1056–57 (D.Nev.1995); *United States v. Devinna,* 5 F.Supp.2d 872, 873 (E.D.Cal. 1998).

■ Since defendant is suspect to mandatory detention pursuant to § 3143(b)(2), to be released from detention he must satisfy the two prong test set forth in § 3145(c). First, he must meet the conditions of release set forth in § 3143(b)(1) and, second, he must demonstrate exceptional reasons why his detention would not be appropriate. *See Herrera–Soto,* 961 F.2d at 646:

The Bail Reform Act, as amended provides standards under which judicial officers determine whether a recently convicted person should be detained pending appeal. The Act mandates detention for persons convicted of crimes of violence, crimes with a life sentence and drug crimes with a maximum sentence of ten years or more. *See* 18 U.S.C. §§ 3142(f)(1)(A), (B) and (C) and 3143(b)(2) (1990) The Act also includes an exception that allows for release pending appeal for those persons subject to mandatory detention who first meet the conditions for release required of any convicted person, *See* 18 U.S.C. § 3143(b)(1) (1990), and then show that, "there are *exceptional reasons* why such person's detention would not be appro-

priate." 18 U.S.C. § 3145(c) (1990) (emphasis added). Therefore, a judge must find that a defendant does not pose a risk of flight or a danger to the community and raises a substantial question of law or fact, not presented simply to delay incarceration, for determination on appeal before considering whether "exceptional reasons" exist making detention inappropriate.

See also, United States v. Koon, 6 F.3d 561, 564, n. 9 (9th Cir.1993), as follows:

While many appeals are from conviction for drug or other violent crimes, not many have to do with release under § 3145(c). In most such cases, the threshold requirements are not met and so the "exceptional reasons" inquiry is not triggered.

■ Thus, the threshold issue in the case sub judice is whether or not the alleged new evidence of prejudicial misconduct of United States trial attorneys and resulting erroneous trial court procedure raises a substantial issue. The Court finds it does not. In United States v. Pollard, 778 F.2d 1177, 1182 (6th Cir.1985), the Court of Appeals adopted the following test regarding a substantial issue:

After considering the legislative history of the Bail Reform Act of 1984, we adopt the further refinement that the Eighth Circuit, sitting en banc, espoused in United States v. Powell, [761 F.2d 1227 (8th Cir.1985)]. In Powell, the Eighth Circuit concluded that an appeal raises a substantial question when the appeal presents a "close question or one that could go either way" and that the question "is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." Id. at 1233–34.

See also, United States v. Negro, 158 F.3d 1233, 1998 WL 393776 (6th Cir. June 12, 1998); United States v. Russell, 942 F.Supp. 1126, 1127 (E.D.Mich.1996).

The following facts are pertinent to issues raised on appeal. On May 13, 1996, defendant filed a motion to strike certain language in the indictment, including the following paragraph setting forth allegations of relevant conduct with respect to the drug conspiracy charge:

On August 4, 1981, JOSE C. RODRIGUEZ, JR., RICHARD NELLER, and other persons known to the Grand Jury but not indicted herein, abducted and murdered Cynthia Anderson, RICHARD NELLER'S legal secretary, because she had overheard conversations wherein JOSE C. RODRIGUEZ, JR. and RICHARD NELLER had discussed armed robberies and their expanding drug business.

Indictment, ¶ 9, p. 7. Defendant argued that this paragraph should be excluded as surplusage under Fed.R.Crim.P. 7(d), and as prejudicial under Fed.R.Evid. 403. The Court referred the motion with respect to the above cited paragraph to Judge Katz for an ex parte in camera evidentiary hearing on the issue presented in that paragraph. The hearing was held and Judge Katz set forth his findings in an unsealed written order dated September 25, 1996. In his order, Judge Katz found as follows:

Having considered the arguments in Defendant Neller's motion and memorandum, the evidence and arguments of the Government, the Court finds that the specific language Defendant seeks to have stricken from the indictment is not surplusage or irrelevant since the evidence to be adduced at trial in support of said allegation is relevant to show not only the existence of the alleged conspiracy, but the depth and breadth thereof. Therefore, the language need not be stricken pursuant to Fed.R.Crim.P. 7(d). The issue of prejudice under Fed. R.Evid. 403 is, in this instance, one more appropriately determined by the trial judge in the context of the impact at trial of the evidence and the possibility of its prejudicial nature outweighing its probative, relevant value. Therefore, at this juncture that issue is premature.

Document No. 383.

Defendant now contends that the government attorneys, due to the ex parte

nature of the hearing, had a duty, but failed, to inform him that the Rule 403 issue was not decided by Judge Katz. Defendant apparently argues that he did not raise the Rule 403 issue at trial because of the government's failure to inform him of Judge Katz's order.[1] In light of the unsealed written order issued by Judge Katz, the Court finds that defendant has failed to raise a substantial issue under § 3143(b)(1)(B).

■ Defendant also alleges that the government failed to produce Brady materials, specifically, two written proffers of co-defendant Jose Rodriguez, Jr., dated June 5, 1996, and August 22, 1996. In those proffers, Rodriguez states that defendant Neller was never involved with him in the activities alleged in the indictment. This information, however, was available to defendant as early as November 21, 1998, when defendant's counsel obtained an affidavit from Rodriguez containing essentially the same information. *See* Gov't. Response, Exhibit 2. Thus, the Court finds no substantial issue has been raised.

Because no substantial issue has been raised, the threshold requirement of § 3145(c) is not met. Therefore, as in *Koon*, there is no reason to search for "exceptional reasons." Even so, the Court finds there are no exceptional reasons. There is little in the statute or the legislative history to assist the Court in its determination as to what is an exceptional reason. *See United States v. DiSomma*, 951 F.2d 494 (2d.Cir.1991). Some appellate courts in effect merged the substantial issue requirement with the exceptional reason requirement. *Id.* at 497. However, in *Koon*, Judge Rymer stated the following:

> The remaining question, therefore, is whether "it is clearly shown that there are exceptional reasons why [Koon's and

Powell's] detention would not be appropriate." *Id.* The answer is no, because no facts or reasons have been adduced in this case which amount to anything more than the normal § 3143(b)(1) *threshold* requirement. The record suggests nothing clearly "out of the ordinary," "uncommon" or "rare" about Koon and Powell which sets them apart from any one else convicted of a crime of violence, or of violating a suspect's constitutional rights.

*Koon,* 6 F.3d at 563. *See also, Herrera–Soto,* 961 F.2d at 647:

> As to Herrera–Soto, however, the district court cited nothing beyond the necessary requirements of a substantial issue on appeal to constitute an "exceptional reason" meriting release pending appeal. In *DiSomma*, the appellant's challenge to his conviction went to the very fact that caused him to be subject to mandatory detention—that is, whether he actually committed a crime of violence. *DiSomma,* 951 F.2d at 498. Herrera–Soto, on the other hand, does not contend that the evidence did not go to the commission of a drug offense subjecting a defendant to mandatory detention. Rather, he offers a challenge to the conduct of his trial. There is nothing out of the ordinary about the circumstances of this case that causes this appellate issue, although arguably meritorious, to transform Herrera–Soto's circumstances into exceptional reasons meriting release pending appeal.

The Court agrees with the reasoning in *Koon* and *Herrera–Soto* and finds that, even if defendant raised a substantial issue on appeal, he has failed to demonstrate exceptional reasons warranting his release pending appeal.

---

1. Defendant also finds it significant that this Court, in determining at sentencing the scope of his involvement in the conspiracy, found that the government failed to meet its burden of proving that defendant was involved in the disappearance of Cynthia Anderson. Although the Court did not find, when applying the Sentencing Guidelines, that the evidence relating to this issue was credible, it was the province of the jury during the trial to weigh this and other evidence. Furthermore, the Cynthia Anderson allegation was only one of many allegations supporting the conspiracy.

Defendant also presents as exceptional reasons, severe financial hardship to his family and his illness. As to the severe financial hardship, the Court notes that defendant filed a financial affidavit on November 1, 1995. In his very limited affidavit, he stated that the question regarding "other income" was not applicable; he did not answer whether or not he had any cash or money in a savings or checking account; and he stated that he did not know what his debts and monthly bills were. He stated that his monthly income prior to custody was $2,000.00. The Court, based on the affidavit, appointed counsel and an investigator. The Court has considered the affidavit of Ann Neller. The Court is not unsympathetic to the financial condition of defendant's minor children; but, unfortunately, family hardship is not an unordinary consequence of incarceration. The Court does not find the financial family hardship an exceptional reason.

As to defendant's medical condition as an exceptional reason, there is again little guidance from the legislative history. See Koon, 6 F.3d at 564, n. 8:

> In suggesting that a safety valve from the mandatory detention provisions of § 3145 be enacted, Assistant Attorney General Crawford gave ill health and infirmity from age as examples which might make detention unduly harsh. 135 Cong.Rec. § 15202 (daily ed. Nov. 7, 1989). Regardless, as the Second Circuit put it, the "full exercise of discretion in these matters ... certainly is not limited by the examples contained in the Justice Department letter. It is constrained only by the language of the statute: 'exceptional reasons.'" Di-Somma, 951 F.2d at 497.

As to proper medical attention, defendant has available the medical facilities and services of the Bureau of Prisons. Considering defendant's financial condition and potential earning capacity, it is doubtful that he could secure superior treatment if released. In any event, there is no indication that defendant's condition cannot be properly treated at the Bureau of Prison's medical facilities.

THEREFORE, for the foregoing reasons, good cause appearing, it is

ORDERED that defendant's motion to modify be, and hereby is, DENIED.