**UNITED STATES of America,
Plaintiff,**

v.

**Jere Lynn BURNETT, Defendant.**

**No. 1:99–CR–55.**

United States District Court,
E.D. Tennessee,
at Chattanooga.

Nov. 12, 1999.

Paul W. Laymon, U.S. Department of Justice, Office of U.S. Attorney, Chattanooga, for plaintiff.

John A. Brooks, Chattanooga, Harry K. Hays, Chattanooga, Rita C. LaLumia, Federal Defender Services of Eastern Tennessee, Inc., Chattanooga, for defendant.

### MEMORANDUM AND ORDER

COLLIER, District Judge.

On October 22, 1999, Defendant Jere Lynn Burnett entered a plea of guilty to a one-count indictment charging Defendant with aiding and abetting and possessing with intent to distribute ephedrine, a listed chemical[1], knowing the listed chemical would be used to manufacture a controlled substance, in violation of 21 U.S.C. § 841(d)(2)[2]. This offense carries a maximum sentence of more than ten years under the Controlled Substances Act. Defendant is therefore subject to the mandatory detention provisions of the Bail Reform Act, 18 U.S.C. §§ 3141 *et seq.* Pursuant to the Mandatory Detention Act[3], 18

---

1. Ephedrine and its salts, optical isomers, and salts of its optical isomers are classified as "list I chemical[s]" in 21 U.S.C. § 802(34).

2. Any person who knowingly or intentionally—

    . . .

    (2) possesses or distributes a listed chemical knowing, or having reasonable cause to believe, that the listed chemical will be used to manufacture a controlled substance except as authorized by this title . . . shall be fined in accordance with Title 18, or imprisoned not more than 20 years in the case of a violation of paragraph [ ](2) involving a list I chemical . . . .

21 U.S.C. § 841(d).

3. On November 29, 1990, Congress enacted Pub.L. No. 101–647, Title IX, § 901 and 902, 104 Stat. 4826(199), entitled the "Mandatory Detention For Offenders Convicted of Serious Crimes Act" ("Mandatory Detention Act"). This Act was a radical departure from prior law and amended provisions of the Bail Reform Act of 1984. The author of the Mandatory Detention Act, Senator Paul Simon of Illinois, stated in support of the Act "[u]nlike the pretrial detention setting in which the presumption of innocence creates a need for flexibility in setting bail, there is little need for judicial discretion to release those who have

U.S.C. § 3143(a)(2), and the government's motion, the Court ordered Defendant detained.

Before the Court is Defendant's Motion for Release Pending Sentencing pursuant to 18 U.S.C. § 3145(c) (Court File No. 43). Defendant argued the motion at her rearraignment, and the Court took the motion under advisement, both to provide the Court with additional time to consider Defendant's arguments and to allow the government an opportunity to file a response. Defendant is currently incarcerated pending the Court's ruling on this motion. On November 10, 1999, the government filed a response.

While conceding she meets the criteria for mandatory detention in § 3143[4], Defendant argues her circumstances are exceptional and that she should be released pursuant to § 3145(c). Section 3145(c) provides:

**(c) Appeal from a release or detention order.—**

An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145(c).

From a plain reading of § 3145(c), it would appear this provision only applies to appellate courts reviewing a lower court's detention decision. The United States District Court for the Western District of Pennsylvania has twice analyzed in detail the language and structure of § 3245(c), and to date, stands alone in interpreting § 3145(c) to apply only to appellate courts. *See United States v. Nesser,* 937 F.Supp. 507 (W.D.Pa.1996); *United States v. Salome,* 870 F.Supp. 648 (W.D.Pa.1994). Both the *Nesser* and *Salome* courts point out the three sections of § 3145 and the logical flow and progression of the section. Sections (a) and (b) address review by "the court having original jurisdiction over the offense" (i.e., the district court) of orders concerning conditions of release and detention issued by a magistrate or other court not having original jurisdiction and other than a Federal appellate court. Section (c) is entitled "Appeal from a release or detention order." "Thus, after providing for 'review' by 'the court having original jurisdiction over the offense' in sections 3145(a) and (b), section 3145(c) then progresses to a right to an 'appeal' from a release or detention order." *Nesser,* 937 F.Supp. at 509.

In addition to the structure and organization of § 3145, the *Nesser* and *Salome* courts point out an appeal from a release or detention order under § 3145(c) is governed by the provisions of 28 U.S.C. § 1291 and 18 U.S.C. § 3731, both of which concern appellate jurisdiction.[5] The

---

been found guilty." 135 Cong. Rec. S15,202 (daily ed. Nov. 7, 1989)(statement of Senator Simon).

**4.** In her motion Defendant admits "the offense [to which she pleaded guilty] is one for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances act [sic]. This offense is, therefore, an offense described in 18 U.S.C. § 3142(f)(1)(C).... Ms. Burnette concedes that her case does not meet the criterial specified under 18 U.S.C. § 3143(a)(2)(A)(i) or (a)(2)(A)(ii)" (Defendant's Brief at p. 2).

**5.** 28 U.S.C. § 1291 states in relevant part:
  The courts of appeals (other than the Unites States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States ....
  18 U.S.C. § 3731 states in relevant part:
  An appeal by the United States shall lie to a court of appeals from a decision or order, entered by a district court of the United States, granting the release of a person charged with or convicted of an offense, or denying a motion for revocation of, or modification of the conditions of, a decision or order granting release.

*Salome* court concluded "[i]n light of this language it is illogical to postulate that a district court should apply § 3145(c) when initially ruling on a release or detention order." 870 F.Supp. at 652. Similarly, the *Nesser* court found the references to these other two statutes to be "an unmistakeable indication that such an appeal is appropriately taken to the courts of appeal." 937 F.Supp. at 509. The *Nesser* court further found it nonsensical "to construe the first sentence as giving the district courts power to hear appeals (from themselves, no less) pursuant to two statutes whose purpose is to establish the scope of jurisdiction for courts of appeals." *Id.* The construction of § 3145(c) is also consistent with the clear Congressional purpose evident in the Mandatory Detention Act, 18 U.S.C. § 3143(b), in restricting trial court discretion in releasing defendants convicted of certain violent offenses and drug trafficking offenses [6].

While the Court finds the analysis of the Western District of Pennsylvania logical and persuasive, the Court notes the great weight of authority has reached a contrary conclusion, although in most cases in a peremptory manner without any detailed comment or analysis. The United States Court of Appeals for the Sixth Circuit has never explicitly decided § 3145(c) is available to district courts for considering whether exceptional circumstances exist to release a defendant, however, it has issued several unpublished decisions from which one can deduce the Sixth Circuit finds district court jurisdiction over the issue proper. *See United States v. Brazier,* 89 F.3d 836 (Table), No. 96–5488, 1996 WL 330847 (6th Cir. June 13, 1996); *United States v. Marquina,* 89 F.3d 836 (Table), No. 96–5633, 1996 WL 316528 (6th Cir. June 11, 1996); *United States v. Hill,* 47 F.3d 1171 (Table), No. 95–3051, 1995 WL 19367 (6th Cir. Jan.18, 1995); *United States v. Hillman,* 7 F.3d 235 (Table), No. 93–6044, 1993 WL 384911 (6th Cir. Sept.29, 1993); *United States v. Evans,*

993 F.2d 1548 (Table), No. 93–3257, 1993 WL 147563 (6th Cir. May 6, 1993); *United States v. Thompson,* 951 F.2d 351 (Table), No. 91–1353, 91–2196, 1991 WL 256556 (6th Cir. Dec.2, 1991).

In all of these cases the court merely references § 3145(c) without any analysis or elaboration. Typical of the court's language is its latest unpublished decision, *United States v. Brazier,* 89 F.3d 836 (Table), No. 96–5488, 1996 WL 330847 (6th Cir. June 13, 1996), where the court stated:

> However, [Defendant] maintains that he has demonstrated exceptional reasons why his detention would not be appropriate. See 18 U.S.C. § 3145(c). Upon consideration of the facts and arguments presented, we conclude that the defendant has not demonstrated that he is entitled to release.

*Id* at *1. In *United States v. Hill,* the court inferred district courts may consider § 3145(c), stating "[a] person subject to detention under [§ 3143(a)(2) ] may be ordered released if the conditions of release set forth in § 3143(a)(1) are met and 'it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.'" *Id.* at *1. (quoting 18 U.S.C. § 3145(c)).

As suggested earlier, the Court is not faced with a clean slate in determining this issue and, in the absence of any definitive statement by the Sixth Circuit, must take into account the decisions of other higher courts on this issue, even if those decisions may not based upon the most solid of ground. Every circuit to have considered the subject has decided § 3145(c) is available to district courts. *See United States v. Mostrom,* 11 F.3d 93, 95 (8th Cir.1993) (accepting without analysis that district court may consider whether exceptional reasons exist to release a defendant under § 3145(c)); *United States v. Jones,* 979 F.2d 804, 806 (10th Cir.1992) (concluding without stating reasons that a district

---

**6.** See note 3, *supra,* for Senator Simon's statement evidencing a desire to restrict discretion in setting bail.

court may consider whether exceptional reasons exist to release a defendant under § 3145(c)); *United States v. Herrera–Soto*, 961 F.2d 645, 647 (7th Cir.1992) (finding term "judicial officer" in the statute encompasses both lower courts and courts of appeal); *United States v. DiSomma*, 951 F.2d 494, 496 (2nd Cir.1991) (accepting without analysis that district court may consider whether exceptional reasons exist to release a defendant under § 3145(c)); *United States v. Carr*, 947 F.2d 1239, 1240 (5th Cir.1991) (court stated it saw "no reason why Congress would have limited" exceptional reasons test "to reviewing courts ... despite its inclusion in a section generally covering appeals").

In view of the overwhelming weight of this appellate authority, the great majority of district courts to have considered this issue have concluded § 3145(c) affords district courts discretion in releasing defendants subject to detention under section 3143(a)(2). *See, e.g., United States v. Rodriguez*, 50 F.Supp.2d 717 (N.D.Ohio 1999); *United States v. Perez*, (unpublished) No. Crim. 3:97CR48(AHN), 1998 WL 386484 (D. Conn. June 10, 1998); *United States v. Devinna*, 5 F.Supp.2d 872 (E.D.Cal.1998); *United States v. Bindley*, (unpublished) No. 96–40049–03–RDR, 1997 WL 309071 (D.Kan. May 6, 1997); *United States v. Charger*, 918 F.Supp. 301 (D.S.D.1996); *United States v. Cantrell*, 888 F.Supp. 1055 (D.Nev.1995).

In *United States v. Rodriguez*, a fellow district court judge of this circuit discussed whether the exceptional reasons provision of § 3145(c) may be applied by a district court or whether it is available only to an appellate court. Noting the problem with the title of the section, the court nevertheless decided the language of the section "trump[ed]" the caption. 50 F.Supp.2d at 719. The court was also persuaded by the unanimity with which the circuit courts were speaking on the issue. *Id.*

As the Court stated above, the language, structure and organization of § 3145(c) does not lend itself easily to the reading reached by those courts holding § 3145(c) applies to a district court's decision on release pending sentencing. While the Court is hesitant to hold § 3145(c) affords district courts discretion in releasing defendants subject to § 3143(a)(2), the Court cannot ignore the clear weight of authority. Accordingly, the Court will consider whether the reasons stated by Defendant qualify as "exceptional reasons" justifying her release. The Court finds no exceptional circumstances exist in this case to justify release pending sentencing.

Section 3145(c) does not define or otherwise articulate what constitutes "exceptional reasons" to allow release. Courts have defined exceptional circumstances as a "unique combination of circumstances giving rise to situations that are out of the ordinary." *DiSomma*, 951 F.2d at 497. In *United States v. Koon*, 6 F.3d 561 (9th Cir.1993), Judge Rymer in a concurring opinion considered exceptional reasons to mean "out of the ordinary," "uncommon" or "rare." *Id.* at 563. In this case, Defendant contends release is justified because she is the primary care provider for her seventy-seven year old mother and fifty-three year old brother, both of whom have a number of health problems and require assistance. Defendant argues if she is incarcerated it would create an extreme hardship upon her mother and brother.

Although the Court obviously sympathizes with Defendant's personal family situation, incarceration regrettably inflicts family hardship on many, if not most, defendants who appear before this Court. Rather than personal family hardships being "out of the ordinary," "uncommon" or "rare" with defendants convicted of similar drug trafficking crimes, personal family hardships are very common and occur in a great number of cases before this court. Other courts have found the burden placed on the defendant's family based on the defendant's incarceration is not an exceptional reason to justify release. *See, e.g., Rodriguez*, 50 F.Supp.2d at 722 (severe financial hardship to family "is not an unordinary consequence of incarceration"

and defendant's illness is not exceptional circumstance); *Perez*, 1998 WL 386484 at *1 ("Personal circumstances such as family obligations and medical conditions do not constitute exceptional reasons"); *United States v. Mahabir*, 858 F.Supp. 504 (D.Md. 1994) (disruption of family arising out of incarceration was not exceptional reason warranting release); *United States v. Bloomer*, 791 F.Supp. 100 (D.Vt.1992) (defendant's close relationship with his stepdaughter, stabilizing influence on his wife, support of his family, aid to unrelated family, medical condition, and position as mechanical engineer were not exceptional circumstances warranting release); *United States v. Taliaferro*, 779 F.Supp. 836 (E.D.Va.1992) (defendant's daughter's difficult pregnancy was not an exceptional circumstance to justify release). While it is indeed tragic this Defendant finds herself and her family in a difficult situation, the Court finds this does not amount to an exceptional reason under 18 U.S.C. § 3145(c) such as would warrant her release.

The Court further notes if it determined such personal hardships qualified to prevent or delay detention, then inevitably defendants committing the same offenses would be treated disparately for reasons unrelated to their crimes or personal character. A drug trafficker with no family would immediately go to jail while a drug trafficker convicted of the same offense with a family would remain on bail. Such disparity unrelated to the offense or personal character of the particular defendant would be contrary to the goals of the federal criminal legal system and would not be a desirable objective of a just system of law.

Accordingly, the Court hereby **DENIES** Defendant's Motion.

**SO ORDERED.**