250 F.Supp.2d 1145 (2003)
UNITED STATES of America, Plaintiff,
v.
Eric D. GREEN Defendant.
No. 4:02CR00516 ERW.
United States District Court, E.D. Missouri, Eastern Division.
March 12, 2003.
*1146 Michael A. Reilly, Office of U.S. Atty., St. Louis, MO, for U.S.
Daniel A. Juengel, Matthew A. Radefeld, Frank and Juengel, Clayton, MO, for defendant.

MEMORANDUM AND ORDER
WEBBER, District Judge.
This matter comes before the Court upon Defendant's Request for a Review and Appeal of the Court's Detention Order [doc. # 44]. A hearing was held on February 27, 2003.

I. BACKGROUND
Defendant Eric D. Green was indicted on seven counts of knowingly and intentionally distributing cocaine base in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C). Pursuant to a plea agreement, on February 18, 2003, Defendant entered a guilty plea on three of the seven counts. Because Defendant was convicted *1147 of an offense for which the maximum term of imprisonment was ten years or more as prescribed in the Controlled Substances Act, 21 U.S.C. § 801, the Court was required to order Defendant immediately detained in accordance with 18 U.S.C. § 3143(a)(2). Therefore, Defendant was remanded to the custody of the United States Marshal's Service pending sentencing on May 7, 2003.
Through counsel, Defendant now requests review of the Court's detention order pursuant to 18 U.S.C. § 3145(c). Defendant argues that exceptional reasons exist which warrant his release because he is gainfully employed with a company where he has worked for eighteen years, and he is in the process of negotiating with his union representative to retain his employment after his incarceration. He states that loss of an opportunity to return to his job pending sentencing would devastate his family, including nine children to whom he is the primary provider. Defendant also states that he is successfully participating in an outpatient drug treatment program. Defendant argues that these circumstances constitute exceptional reasons to release him from detention until May 7, 2003, when he is scheduled to be sentenced by this Court.

II. DISCUSSION
Under 18 U.S.C. § 3143(a)(2), if a defendant is convicted of an offense for which the maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801, the Court must order the defendant detained. Detainment is mandatory unless (1) there is "a substantial likelihood that a motion for acquittal or new trial will be granted" or "the Government has recommended that no sentence of imprisonment be imposed" and (2) the Court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2). Once detained in accordance with § 3143(a)(2), an exception contained in § 3145(c) allows release pending sentencing or appeal "under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate" and the defendant poses no risk of flight.[1] 18 U.S.C. § 3145(c) (emphasis added).

A. Legislative History
Prior to passage of the current version of § 3143 and § 3145, the Bail Reform Act afforded substantial discretion in the district court regarding detention of defendants who were convicted but awaiting sentencing or appeal. Believing that there was "little need for judicial discretion to release those who have been found guilty," in 1989, Senator Paul Simon introduced the Mandatory Detention for Offenders Convicted of Serious Crimes Act. 135 Cong. Rec. S15201-02, S15202, 1989 WL 188196 (Nov. 7, 1989), cited in Jonathan S. Rosen, An Examination of the "Exceptional Reasons" Jurisprudence of the Mandatory Detention Act: Title 18 U.S.C. §§ 3143, 3145(C), 19 Vt. L.Rev. 19 (1994). The bill was intended to prevent defendants convicted of a violent or serious drug trafficking crime "from reentering the community where they pose a danger and can commit further offenses ...." 135 Cong. Rec. S7505-02, S7511, 1989 WL *1148 192345 (June 23, 1989). Senator Simon believed that "[t]here is simply no reason that an individual convicted of a violent crime or serious drug trafficking offense should be back on the street. This legislation would ensure that dangerous individuals are kept where they belong, in prison." Id. Congressman Glickman addressed the House of Representatives regarding the Mandatory Detention for Defendants Convicted of Serious Crimes Act on March 6, 1990. Mr. Glickman stated:
There is almost never a good reason for letting someone already convicted of a violent crime or serious drug trafficking offense back on the street.... There is no presumption of innocence once a defendant has been convicted, so the law should not allow a convicted criminal to enjoy the privileges of an innocent man.... It is difficult enough to convict drug dealers and violent criminals, without allowing them back on the street to commit more crimes before sentencing.
136 Cong. Rec. H638-03, 1990 WL 30306 (March 6,1990).
The intent of the bill was clearly to limit judicial discretion in the case of convicted drug traffickers or violent criminals. However, the Justice Department suggested limited exceptions under which discretion should remain. See United States v. DiSomma, 951 F.2d 494, 497 (2d Cir.1991). One such exception was an "exceptional reasons" provision. In a letter to Senator Simon dated July 26, 1989, Assistant Attorney General Carol T. Crawford offered two examples of exceptional circumstances. Id. (stating that "the legislative history on the issue is sparse and uninformative" and concluding that "the only useful historical document" is the Justice Department letter). The first example hypothesized an elderly man who was convicted of the mercy killing of his wife and who challenged the applicability of the federal murder statute on appeal. The second example hypothesized a seriously wounded drug dealer whose appeal raised a novel search and seizure issue. In both examples, the probability of repeat criminal behavior was slim and the validity of the conviction remained in question. As noted by the Second Circuit, "[t]he examples given in the Crawford Letter present a unique combination of circumstances giving rise to situations that are out of the ordinary." Id.
Ultimately, Senator Simon's bill, with the exceptional reasons provision, was added as an amendment to the 1990 Crime Bill, and was enacted November 29, 1990. Pub.L. No. 101-647, 104 Stat. 4827 (1990). The mandatory detention provision was codified at 18 U.S.C. § 3143. Section 3143(a)(2) requires immediate detention upon conviction of a serious drug trafficking offense or a violent crime. The "exceptional reasons" exception to mandatory detention pending sentencing or appeal was codified at 18 U.S.C. § 3145(c).

B. Defining Exceptional Reasons
Under § 3145(c), this Court[2] may release Defendant pending sentencing only *1149 upon a clear showing that an "exceptional reason" makes Defendant's further detention inappropriate. See 18 U.S.C. 3145(c). What constitutes an "exceptional reason" has been a notably difficult determination for many courts. The statute does not define the parameters of an "exceptional reason." While courts appear to agree that circumstances must be "out of the ordinary," "uncommon," or "rare," "[n]o opinion has even begun definitively to identify the factors a court must consider in deciding the exceptional reasons issue." United States v. Koon, 6 F.3d 561, 565 (9th Cir.1993). In each case, "the determination of whether `exceptional reasons' have been clearly shown is quintessentially a fact-intensive inquiry requiring a case by case analysis." Id. at 564 (citing United States v. Herrera-Soto, 961 F.2d 645, 647 (7th Cir. 1992) and United States v. DiSomma, 951 F.2d 494, 497 (2d Cir.1991)).
It is clear that mere personal reasons, including caring for a family or gainful employment, are not "exceptional." See, e.g., United States v. Mostrom, 11 F.3d 93, 95 (8th Cir.1993) (stating that transportation issues, employment, and compliance with pretrial supervision are not exceptional); United States v. Lippold, 175 F.Supp.2d 537, 540 (S.D.N.Y.2001) (stating that "purely personal" reasons such as caring for young children with "unusual" health problems"do not typically rise to the level of `exceptional reasons' "); United States v. Mahabir, 858 F.Supp. 504 (D.Md.1994). Many courts have stated, and this Court agrees, that in most cases incarceration imposes a great burden upon a defendant's family and finances. See United States v. Clark, 2003 WL 60478 (W.D.Va. Jan. 7, 2003) (stating that "family and job responsibilities are unfortunately common, rather than unique, circumstances of convicted drug traffickers"); Lippold, 175 F.Supp.2d at 540 (quoting United States v. Burnett, 76 F.Supp.2d 846, 849 (E.D.Tenn.1999)). Thus, personal reasons alone are not exceptional reasons and will not warrant release under § 3145.
This Court additionally concludes that Congress did not intend release upon a simple accumulation of numerous common circumstances that alone would not constitute an exceptional reason. The initial bill introduced by Senator Simon did not contain an exception to mandatory detentions, and Senator Simon clearly believed that "no reason" justified allowing a person convicted of a serious drug trafficking offense the opportunity to further harm the community while awaiting execution of the impending sentence. Assistant Attorney General Crawford's letter demonstrates that the exception was intended for only those rare instances where there is little to no chance that the defendant can engage in recidivist conduct and legal questions involving the validity of the conviction remain unresolved, thereby making immediate detention of the defendant *1150 pending sentencing or appeal an unduly harsh consequence.
Upon review of cases which have applied the exceptional reasons exception, the Court notes that before authorizing release, courts ordinarily find both extremely unique personal hardship and a potential for a reduced sentence or success on appeal. See, e.g., United States v. Charger, 918 F.Supp. 301 (D.S.D.1996) (finding exceptional reasons warranting release where a young Native American man was convicted of a "single aberrant act" of violence, he showed "almost constant remorse," the court believed reasons for a downward departure existed, and imprisonment would hinder the defendant's ability to find guidance in his Native American traditions); United States v. Banta, 165 F.R.D. 102, 104 (D.Utah 1996) (stating that the "possibility that defendant may serve the imposed sentence of confinement before resolution of his appeal provides an `exceptional reason' for release"). But see United States v. Loaiza-DeVilla, No. 94CR73CSH, 1996 WL 132121 (S.D.N.Y. March 22, 1996) (stating that possible reduction in sentence and family hardships did not warrant release). In other cases, courts have suggested that cooperation with the government may mitigate in favor of release pending sentencing. See, e.g., United States v. Carretero, No. 98CR418TJM, 1999 WL 1034508 (N.D.N.Y. Nov.4, 1999) (denying release but stating that it would not "foreclose the possibility that active cooperation which benefits the government, the defendant, and the societal goal of drug eradication may constitute an exceptional circumstance in an appropriate case"). See also United States v. Douglas, 824 F.Supp. 98, 99 (N.D.Tex.1993) (finding no exceptional reasons based upon "an agreement to cooperate with the government and testify at the trial" which subjected the defendant "to potential retaliation from his co-defendants").
Considering the legislative history, the language of the statute, and relevant case law, the Court believes that in determining whether a defendant should be released pending sentencing, many factors should be taken into account. Some appropriate factors that have been considered by other courts include:
(1) whether detention imposes an unusually harsh effect of a personal nature not ordinarily experienced by an individual facing incarceration,
(2) whether the defendant is incapacitated from or extremely unlikely to engage in recidivist behavior while released,
(3) whether additional incarceration would result in an unjust extended period of detention because the defendant's uniquely low culpability is likely to reduce the sentence or a novel legal question for appeal exists, and
(4) the extent and effect of the defendant's cooperation with the Government.
The Court views these factors as guiding principles and does not consider them exhaustive or binding. In light of the discretion granted to the courts by Congress, in each case the factors should be accorded varying weight and no one factor shall be determinative. See DiSomma, 951 F.2d at 497 (stating that the district courts maintain the "full exercise of discretion in these matters").

C. Application
In this case, Defendant points to his obligation to his nine children, his success in drug treatment, and his attempt to negotiate with his union for continued employment after incarceration as exceptional circumstances warranting his release. It is the Court's belief that neither these hardships alone nor the aggregate effect of Defendant's circumstances constitute exceptional reasons as contemplated by Congress. First, Defendant's circumstances *1151 are wholly personal. Defendant has substantial obligations to his nine children and faces a lack of gainful employment upon his release if not allowed to further negotiate with his union. The Court recognizes the admittedly serious burden upon Defendant and his family now and in the future; however, these personal hardships in no way are unusual for a defendant facing incarceration. Rather, the circumstances Defendant assigns at this time demonstrate nothing more than the all too common effects of criminal behavior.
Second, Congress' main goal in passing the mandatory detention provision was to keep drug traffickers and violent criminals off the streets. While the Court has faith in Defendant's rehabilitation and is pleased with Defendant's progress thus far, there still remains a reasonable probability of recidivist behavior if released. Defendant would not be incapacitated if released, and he was convicted of multiple drug offenses. Thus, the possibility of further criminal behavior is real, and in such cases, Congress intended imprisonment upon conviction. Moreover, it would be unfortunate for this Court to pronounce that achieving success in a drug rehabilitation program is an extraordinary or unique occurrence. There also are no extenuating circumstances in this case upon which this Court can conclude that Defendant's culpability is uniquely low, and there is no showing that Defendant's assistance to the Government warrants immediate release.

III. CONCLUSION
Having carefully considered Defendant's circumstances and all of the relevant factors, the Court concludes that Defendant's detention pending sentencing was intended by Congress as just punishment for criminal conduct and as an effective means to prevent repeat drug offenses while awaiting sentencing. There are no "exceptional reasons" that warrant Defendant's release pending sentencing, and Defendant's request for review of the detention order must be denied.
Accordingly,
IT IS HEREBY ORDERED that Defendant's Request for a Review and Appeal of the Court's Detention Order [doc. # 44] is DENIED.
NOTES
[1] As interpreted by the courts, to qualify for release under § 3145(c) based upon a finding of exceptional reasons, the defendant is not also required to meet the requirements of § 3143(a)(2). See, e.g., United States v. Kinslow, 105 F.3d 555 (10th Cir.1997). Thus, to qualify for the exceptional reasons exception a defendant does not have to additionally show that there is a likelihood of acquittal or new trial or that the Government has requested no imprisonment.
[2] The "exceptional reasons" provision is contained in the section of the statute authorizing an appeal of a detention order. See 18 U.S.C. § 3145. For this reason, some courts have concluded that jurisdiction to release a defendant under § 3145(c) lies only in the appellate courts. See, e.g., In re Sealed, 242 F.Supp.2d 489, 490-91 (E.D.Mich.2003); United States v. Salome, 870 F.Supp. 648 (W.D.Pa.1994). However, many other courts have interpreted "judicial officer," as used in § 3145, to include district court judges and therefore have concluded that jurisdiction exists in the district courts. See United States v. Jones, 979 F.2d 804 (10th Cir. 1992); United States v. Vallie, No. C4-01-03, 2001 WL 627432 (N.N.D. Apr. 12, 2001) (citing cases); United States v. Burnett, 76 F.Supp.2d 846 (E.D.Tenn.1999) (noting that the Second Circuit, Fifth Circuit, Seventh Circuit, and Tenth Circuit have concluded that " § 3145(c) is available to district courts"). Notably, in United States v. Mostrom, the Eighth Circuit considered a district court order releasing a defendant based upon exceptional circumstances. 11 F.3d 93 (8th Cir. 1993). The district court concluded that " § 3145(c) [was] not limited to reviewing courts; district courts may release a defendant who has been convicted." Id. at 94. While the Eighth Circuit reversed the district court's order because no exceptional reasons existed, the Eighth Circuit assumed without discussing that the district court had the authority to review its initial detention order for exceptional reasons. Id. The Government does not argue in this case that the Court lacks authority to consider Defendant's release under § 3145(c). Additionally, absent a definitive pronouncement by the Eighth Circuit, the Court believes the weight of authority holds that § 3145(c) may be utilized at the district court level. Thus, the Court shall proceed to consider whether the facts of this case present "exceptional reasons" warranting Defendant's release pending sentencing.