UNITED STATES of America,
Plaintiff,

v.

Fred MITCHELL, Defendant.

No. 03–CR–194.

United States District Court,
E.D. Wisconsin.

Feb. 22, 2005.

Daniel Sanders (Sanders), Milwaukee,
WI, for Plaintiff.

Michael Hart, for Defendant.

## *MEMORANDUM*

ADELMAN, District Judge.

Defendant Fred Mitchell pled guilty to participation in a conspiracy to distribute cocaine, contrary to 21 U.S.C. § 846. Because the offense carried a maximum penalty of ten years or more, he was subject to detention pending sentencing under 18 U.S.C. § 3143(a)(2). However, defendant argued that there were "exceptional reasons" justifying continuation of his bond. I agreed and therefore allowed him to remain on release. In this memorandum I set forth my reasons.

### I. STANDARD FOR RELEASE PENDING SENTENCING

The general rule concerning release pending sentencing is set forth in 18 U.S.C. § 3143(a)(1), which provides:

the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to

flee or pose a danger to the safety of any other person or the community if released . . . .

However, § 3143(a)(2) provides that defendants convicted of crimes of violence, offenses carrying a maximum sentence of life imprisonment or death, or drug crimes with a maximum term of ten years or more *must* be detained unless (1) the court finds that there is a substantial likelihood that a motion for acquittal or a new trial will be granted, *or* the government recommends that no sentence of imprisonment be imposed; *and* (2) the court finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger. 18 U.S.C. § 3143(a)(2).

But a person subject to detention under § 3143(a)(2) may nevertheless be released if (1) he meets the conditions set forth in § 3143(a)(1), in other words, if he shows by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released; *and* (2) "it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). Section 3145(c) was intended to provide "an avenue of relief from the mandatory detention provisions" of the Bail Reform Act. *United States v. Herrera–Soto,* 961 F.2d 645, 647 (7th Cir.1992).

■ The statute does not define "exceptional reasons." Consequently, courts have been left to flesh out a definition, and the term has generally come to mean that which is unique, uncommon, rare or out of the ordinary. The statute provides district courts considerable discretion and requires only that the court find that the defendant's situation is sufficiently unique to make detention pending sentencing inappropriate. A court may make such a finding based on "legal" reasons, "factual" reasons, or some combination of both.

*United States v. Kaquatosh,* 252 F.Supp.2d 775, 777–78 (E.D.Wis.2003).

## II. DISCUSSION

■ I based my decision to continue defendant's bond pending sentence on several factors which, in combination, made defendant's situation exceptional. First, defendant fully cooperated with the government and, according to the prosecutor, will receive a U.S.S.G. § 5K1.1 motion at sentencing. I have, at the government's request, frequently allowed defendants who were currently cooperating to remain free pending sentence. The only difference between the present defendant's cooperation and that of the defendants in previous cases is that defendant completed his cooperation prior to pleading guilty. I concluded that it would be incongruent to treat defendant differently than past cooperators solely because he had provided all the assistance he could. In this connection, I note that I allow cooperators to remain free not only because they assist the government's crime-fighting efforts (though such assistance is important), but also because the likelihood of a substantial assistance motion constitutes an additional incentive to comply with release conditions and because cooperation is sometimes a step toward rehabilitation.

The second factor on which I based my decision was defendant's performance on pre-trial release. The magistrate judge originally granted defendant release because he had no prior record, was a life-long resident of Milwaukee, a high school and college graduate, and the owner-operator of a cleaning business. The magistrate judge imposed release conditions including electronic monitoring, regular reporting to pre-trial services and urinalysis testing. Defendant's mother agreed to post her home as collateral, and defendant was required to live with her. De-

fendant conducted himself extremely well on pre-trial release. He proceeded through all three "phases" of pre-trial services' drug testing protocol, and all of his urine tests were negative. Because of his compliance, the magistrate judge suspended the electronic monitoring requirement and placed defendant on curfew status. Defendant also secured full-time employment at Froedtert Hospital and frequently worked overtime. The father of three children, defendant brought himself up to date on his child support payments and continued to support his children. This evidence suggested that defendant had renounced criminal activity and was his taking his family responsibilities seriously. Thus, he was unlikely to flee or pose a danger. Further, defendant's positive conduct went beyond mere compliance with release conditions and was, compared to other defendants charged with similar offenses I have seen, out of the ordinary.

Third, defendant, who owned his own home, was attempting to sell or lease the property but was unable to do so prior to his plea hearing. He requested additional time to complete those efforts before commencing his prison sentence. I concluded that the public interest as well as defendant's interest would be well served if the home did not remain vacant while defendant served his time.

## III. CONCLUSION

Therefore, for this combination of reasons, I concluded that defendant was unlikely to flee or pose a danger, and that there were exceptional reasons justifying his continued release.